# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO:** |
| | | |
| v. | : | **DATE FILED:** |
| | | |
| **HASSAN ELLIOTT** | : | **VIOLATIONS:** |
| a/k/a "Haz," | | 18 U.S.C. § 1962(d) (RICO conspiracy – 1 |
| **KHALIF SEARS** | : | count) |
| a/k/a "Leaf," | | 21 U.S.C. § 846 (conspiracy to distribute |
| a/k/a "Lil Leaf," | : | controlled substances – 1 count) |
| **KELVIN JIMENEZ** | | 18 U.S.C. § 1959(a)(1) (murder in aid of |
| a/k/a "Nip," | : | racketeering – 4 counts) |
| **DOMINIQUE PARKER** | | 18 U.S.C. § 1959(a)(3) (assault in aid of |
| a/k/a "Dom" | : | racketeering – 9 counts) |
| | | 18 U.S.C. § 1959(a)(6) (attempted assault |
| | : | in aid of racketeering – 2 counts) |
| | | 18 U.S.C. § 924(c) (possession of a firearm |
| | : | in furtherance of drug trafficking – 1 |
| | | count) |
| | : | 18 U.S.C. § 924(c)(1)(A)(i) (using, |
| | | carrying, brandishing, and discharging |
| | : | a firearm during a crime of violence – |
| | | 5 counts) |
| | : | 18 U.S.C. §§ 924(c) and 924(j) (murder in |
| | | the course of using, carrying, and |
| | : | discharging a firearm – 4 counts) |
| | | 21 U.S.C. § 841(a)(1) (possession with |
| | : | intent to distribute and distribution of a |
| | | controlled substance – 1 count) |
| | : | 21 U.S.C. § 856(a)(1) (maintaining a drug |
| | | involved premises – 1 count) |
| | : | 18 U.S.C. § 922(g)(1) (possession of a |
| | | firearm by a felon – 2 counts) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |
| | | Notices of Forfeiture |

## SUPERSEDING INDICTMENT

## COUNT ONE

## CONSPIRACY TO PARTICIPATE IN A RACKETEERING (RICO) ENTERPRISE
## 18 U.S.C. § 1962(d)

### THE GRAND JURY CHARGES THAT:

### INTRODUCTION

1.  At all times relevant to this Superseding Indictment, defendants:

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**
**KELVIN JIMENEZ,**
**a/k/a "Nip," and**
**DOMINIQUE PARKER,**
**a/k/a "Dom,"**

and others known and unknown to the grand jury, were members and associates of a criminal

organization known by several names, including "1700 Scattergood" ("SG1700"), whose

members and associates engaged in acts of violence, including murder and assault, and

distribution of controlled substances, and which operated principally in the Frankford section of

Philadelphia, Pennsylvania and its surrounding areas.

2.  SG1700, including its leadership, members, and associates, constituted an

"enterprise," as that term is defined by Title 18, United States Code, Section 1961(4); that is, a

group of individuals associated in fact. The enterprise constituted an ongoing organization whose

members and associates functioned as a continuing unit for a common purpose of achieving the

objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate

and foreign commerce.

3.  From at least as early as 2016, SG1700, then known as "LBlock," "5300,"

and/or "Lesher," started as a local street drug gang that operated in and around the 5300 block of

Lesher Street. Over time, the group expanded in membership and territory and began using various names, including "LBlock," "5300," "Lesher," and "SG1700."

4.       SG1700 operated principally in and around the Frankford section of Philadelphia. SG1700 members and associates often utilized various forms of electronic platforms to communicate, including social media such as Instagram, phone calls, text messages, and music videos posted online. SG1700 often used social media platforms such as Instagram to promote SG1700 and to disrespect rival enterprises. At times, members and associates used code words to communicate to avoid revealing their criminal activities.

5.       Members and associates of SG1700 were expected to protect the name, reputation, and status of the enterprise from its rivals and others. To protect the enterprise and enhance its reputation, SG1700 members and associates were expected to use any means necessary to force respect from those who disrespected the enterprise or its members and associates, including by committing acts of intimidation, violence, and threats of violence.

6.       Members and associates of SG1700 sold controlled substances in and around the Frankford section of Philadelphia, Pennsylvania, primarily on the 5300 blocks of Lesher Street and Charles Street, and the 1700 blocks of Brill Street and Scattergood Street. Members and associates utilized the alleyways in the area in furtherance of their criminal activities, including to sell controlled substances and to conceal their controlled substances and firearms. SG1700 members and associates referred controlled substance customers to each other and engaged in the distribution of controlled substances together. Often, members and associates of the enterprise used shared locations, including abandoned or vacant properties in the area, to package controlled substances for distribution, and to store firearms and controlled substances.

At times, drug-related activity was coordinated and facilitated by shared telephones and text messaging.

7.     To protect the enterprise and its membership and its reputation, members and associates of SG1700 threatened, attempted, and committed acts of violence, and agreed to the same. These acts of violence involved assault and murder and were intended to protect SG1700 from rivals and to otherwise promote the standing and reputation of SG1700 amongst rival groups and amongst other SG1700 members and associates.

8.     SG1700 members identified themselves and showed loyalty to SG1700 through clothing, tattoos, hand signs, social media monikers, and mottos, including references to "1700," "5300," and "King Lo" and "Bolo," in remembrance of a deceased member, Daniel Martinez, a/k/a "King Lo," a/k/a "Bolo." SG1700 members and associates often referred to one another by street monikers as a sign of respect and to avoid identification by law enforcement, and accordingly, may not have known fellow members by any name other than their street moniker.

9.     SG1700 members and associates worked to thwart the efforts of law enforcement by refusing to cooperate with criminal investigations and by concealing or misleading law enforcement as to the criminal acts of the members and associates, and the whereabouts of members and associates who were wanted for their crimes.

10.    SG1700 had two principal, though not exclusive, rival groups that both operated in the Frankford section of Philadelphia, Pennsylvania and are known to the grand jury. One of those groups shared a border with SG1700 and is referred to herein as "Rival Group 1." "Rival Group 1" claimed territory that abuts the territory claimed by SG1700 and distributed controlled substances primarily on Bridge and Hawthorne Streets.

- 4 -

Another principal rival to SG1700 known to the grand jury and referred to herein as "Rival Group 2" is a group that operated in and around the 4800 block of Tackawanna Street in Philadelphia, Pennsylvania in the area of the Whitehall Housing Development.

## PURPOSES OF THE ENTERPRISE

11.     The purposes of the enterprise included the following:

a.     Enriching the members and associates of the enterprise through, among other things, the distribution of controlled substances, including cocaine base ("crack"), marijuana, and, at times, fentanyl.

b.     Preserving and protecting the power, territory, profits, and reputation of the enterprise and its members and associates through the use of intimidation, threats of violence, assault, murder, and other violent acts to protect against rivals and to otherwise promote the standing and reputation of the enterprise amongst other members and associates within the enterprise, rival groups, and the community.

c.     Cultivating and maintaining fear of the enterprise and its members and associates among rival groups, the community, victims, and potential victims through threats and acts of violence.

d.     Promoting and enhancing the enterprise by providing financial support to members and associates of the enterprise, including those who were incarcerated for committing acts of violence, distribution of controlled substances, and other offenses.

e.     Protecting the enterprise and its members and associates from detection, apprehension, and prosecution by law enforcement.

## THE RACKETEERING CONSPIRACY

12. From at least as early as in or about June 2017, to in or about May 2021,

in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**
**KELVIN JIMENEZ,**
**a/k/a "Nip," and**
**DOMINIQUE PARKER,**
**a/k/a "Dom,"**

with others known and unknown to the grand jury, being persons employed by and associated with the enterprise described in paragraphs 1 to 11 of this count, namely SG1700, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and unlawfully conspired and agreed with others known and unknown to the grand jury, to violate Title 18, United States Code, Section 1962(c); that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1961(1) and (5), which pattern consisted of:

a. multiple offenses involving the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1); and

b. multiple acts involving murder, chargeable under Title 18, Pennsylvania Consolidated Statutes Annotated, Sections 2502 (murder), 901 (attempt), and 903 (criminal conspiracy), of the laws of the Commonwealth of Pennsylvania.

13.     It was part of the conspiracy that each defendant agreed that a conspirator

would commit at least two acts of racketeering activity in the conduct of the enterprise's affairs.

## OVERT ACTS

In furtherance of the conspiracy, and to affect the object of the conspiracy, the

defendants, and others known and unknown to the grand jury, committed the following overt

acts, among others, in the Eastern District of Pennsylvania, and elsewhere:

(1)     On or about June 8, 2017, defendant HASSAN ELLIOTT possessed a Sig Sauer,

Model P229 SAS, .40 caliber semi-automatic pistol, bearing serial number 45A037340, loaded

with 13 live rounds of ammunition.

(2)     On or about February 13, 2018, Bilal Mitchell, charged elsewhere, distributed

cocaine base ("crack") on the 5300 block of Lesher Street, in the neighborhood controlled by

SG1700.

(3)     On or about March 2018, Bilal Mitchell, charged elsewhere, and others known

and unknown to the grand jury, confronted an individual known to the grand jury who was

attempting to sell drugs in the neighborhood controlled by SG1700.

(4)     On or about April 12, 2018, defendants HASSAN ELLIOTT and KHALIF

SEARS possessed two firearms secreted under a trashcan in front of 1762 Scattergood Street, in

the neighborhood controlled by SG1700.

(5)     On or about July 22, 2018, defendants HASSAN ELLIOTT and KELVIN

JIMENEZ were driving in a vehicle registered to 1776 Scattergood Street, a property in the

neighborhood controlled by SG1700, and, when stopped by police, defendant ELLIOTT

provided a false name to police.

(6)    On or about October 12, 2018, defendants HASSAN ELLIOTT and KHALIF SEARS were obstructing the 1700 block of Brill Street, in the neighborhood controlled by SG1700, and were in control of cocaine base ("crack") and marijuana underneath a traffic cone outside of 1773 Brill Street and 20 clear sandwich bags of marijuana inside of a black trash can on the sidewalk in front of 1774 Brill Street.

(7)    On or about October 30, 2018, defendants HASSAN ELLIOTT and KHALIF SEARS were in a vehicle with a license plate that did not belong to the vehicle.

(8)    On or about November 20, 2018, defendant HASSAN ELLIOTT and Bilal Mitchell, charged elsewhere, were present when another SG1700 gang member, D.K., a person known to the grand jury, discharged a firearm at members of Rival Group 1 at the intersection of Bridge and Hawthorne Streets.

(9)    On or about December 3, 2018:

> a. Defendants HASSAN ELLIOTT, Bilal Mitchell, charged elsewhere, and C.A., a person known to the grand jury, shot and killed Rival Group 2 member Kaseem Rogers, and injured two other individuals, D.S. and J.L., persons known to the grand jury;
>
> b. Prior to the shooting, defendant KELVIN JIMENEZ and others, known to the grand jury, drove through the area controlled by Rival Group 2, acting as "lookouts" and ensuring that the area was free from police officers.

(10)    On or about December 8, 2018, defendant HASSAN ELLIOTT exited an alleyway on the 1700 block of Brill Street, standing next to eleven clear bottles of marijuana.

- 8 -

(11) From in or around January 2019 to in or around March 2020, defendant HASSAN ELLIOTT and Bilal Mitchell, charged elsewhere, appeared in social media photographs and videos wearing a sweatshirt with a photograph of Kaseem Rogers on the front and the words, "FUCK THE OPPS" on the hood.

(12) On or about January 2, 2019, defendant KHALIF SEARS, and others known to the grand jury, fled from police officers who were investigating a call for narcotics sales on the 5300 block of Lesher Street.

(13) On or about January 25, 2019:

    a. Defendant HASSAN ELLIOTT and Bilal Mitchell, charged elsewhere, went to territory controlled by Rival Group 2, armed with guns, and destroyed a memorial dedicated to Kaseem Rogers;

    b. Defendant HASSAN ELLIOTT shot C.S. and M.H., who are known to the grand jury, while in territory controlled by Rival Group 2.

(14) On or about January 29, 2019, defendant HASSAN ELLIOTT possessed with intent to distribute cocaine on the 5300 block of Lesher Street, in the neighborhood controlled by SG1700.

(15) On or about March 1, 2019:

    a. Defendants HASSAN ELLIOTT and KHALIF SEARS, with the permission of defendant KELVIN JIMENEZ, attempted to rob Tyrone Tyree on the 5300 block of Duffield Street, in the neighborhood controlled by SG1700;

    b. During the robbery, defendants HASSAN ELLIOTT and KHALIF SEARS shot and killed Tyrone Tyree.

- 9 -

(16)    From in or around summer 2019 to in or around March 2020:

> a. Defendants KELVIN JIMENEZ and Bilal Mitchell, charged
>    elsewhere, arranged to rent the middle bedroom of the upstairs
>    apartment of 1688 Bridge Street, in the neighborhood controlled by
>    SG1700;
>
> b. Defendants HASSAN ELLIOTT, KHALIF SEARS, KELVIN
>    JIMENEZ, and DOMINQUE PARKER, and Bilal Mitchell and
>    Sherman Easterling, each charged elsewhere, and others known and
>    unknown to the grand jury, used the property at 1688 Bridge Street to
>    store firearms, narcotics, United States currency; package controlled
>    substances for sale; and conceal defendants HASSAN ELLIOTT and
>    KHALIF SEARS, who were wanted by law enforcement following the
>    murder of Tyrone Tyree in March 2019, among other activities.

(17)    On or about June 27, 2019, defendants KELVIN JIMENEZ and Bilal Mitchell, charged elsewhere, were in front of 1784 Brill Street, in the neighborhood controlled by SG1700, in possession of a firearm that was hidden under the siding of a home in a nearby alleyway.

(18)    On or about August 5, 2019:

> a. C.A., a member of SG1700 and a person known to the grand jury, shot
>    at a member of Rival Group 2, injuring a bystander, R.D., a person
>    known to the grand jury;
>
> b. Defendant DOMINQUE PARKER and Bilal Mitchell, charged
>    elsewhere, and C.A. fled from the shooting together in a car driven by
>    S.T., a person known to the grand jury.

- 10 -

(19)     On or about August 8, 2019, Bilal Mitchell, charged elsewhere, distributed cocaine base ("crack") on the 1700 block of Brill Street, in the neighborhood controlled by SG1700.

(20)     On or about August 17, 2019:

- a. Defendant KELVIN JIMENEZ drove SG1700 gang member, M.S., a person known to the grand jury, to the hospital after M.S. was shot four times in the area of 5300 Charles Street, in the neighborhood controlled by SG1700;

- b. Defendant KELVIN JIMENEZ and M.S. refused to cooperate with police.

(21)     On or about August 20, 2019:

- a. Defendants HASSAN ELLIOTT and DOMINQUE PARKER shot and injured R.B., a person known to the grand jury, in territory controlled by Rival Group 2;

- b. Defendant KELVIN JIMENEZ and Bilal Mitchell, charged elsewhere, acted as "lookouts" for this shooting.

(22)     On or about August 22, 2019, defendants HASSAN ELLIOTT and DOMINIQUE PARKER, and Bilal Mitchell, charged elsewhere, and others known and unknown to the grand jury, shot and killed Dontae Walker, a member of Rival Group 1, at the corner of Bridge and Hawthorne Streets.

(23)     On or about September 17, 2019, in an alleyway near 5300 Duffield Street, in the neighborhood controlled by SG1700, defendant KELVIN JIMENEZ distributed cocaine base ("crack") in exchange for approximately $1,300.

- 11 -

(24)     On or about October 7, 2019, defendant KELVIN JIMENEZ arranged to sell cocaine base ("crack") the following day.

(25)     On or about October 8, 2019, in an alleyway near 5300 Duffield Street, in the neighborhood controlled by SG 1700, defendant KELVIN JIMENEZ distributed cocaine base ("crack") in exchange for approximately $2,250.

(26)     On or about October 22, 2019, defendant KELVIN JIMENEZ arranged to sell cocaine base ("crack") the following day.

(27)     On or about October 23, 2019, in an alleyway near 5300 Duffield Street, in the neighborhood controlled by SG1700, defendant KELVIN JIMENEZ distributed cocaine base ("crack") in exchange for approximately $2,250.

(28)     On or about November 5, 2019, defendant KELVIN JIMENEZ arranged to sell cocaine base ("crack") the following day.

(29)     On or about November 6, 2019, in an alleyway near 5300 Duffield Street, in the neighborhood controlled by SG1700, defendant KELVIN JIMENEZ distributed cocaine base ("crack") in exchange for approximately $2,230.

(30)     On or about December 4, 2019, defendants KELVIN JIMENEZ and DOMINIQUE PARKER, and Bilal Mitchell, charged elsewhere, with others known and unknown to the grand jury, went to territory controlled by Rival Group 2, near Harding Middle School, armed with guns, and discharged firearms at individuals they believed to be members of Rival Group 2.

(31)     On or about December 6, 2019, defendant DOMINIQUE PARKER, along with others known to the grand jury, shot at B.C., a person known to the grand jury, in territory controlled by Rival Group 2.

(32) On or about December 15, 2019, defendant KELVIN JIMENEZ arranged to sell cocaine base ("crack") in the coming days.

(33) On or about December 17, 2019, in an alleyway near 5300 Duffield Street, in the neighborhood controlled by SG 1700, defendant KELVIN JIMENEZ distributed cocaine base ("crack") in exchange for approximately $2,250.

(34) On or about December 20, 2019, defendants HASSAN ELLIOTT, KELVIN JIMENEZ, and KHALIF SEARS, and Bilal Mitchell, charged elsewhere, shot R.F., a person known to the grand jury.

(35) On or about December 27, 2019, defendant HASSAN ELLIOTT shot at L.H. and G.T., each members of Rival Group 1 who are known to the grand jury, injuring a bystander, R.R., who is known to the grand jury.

(36) On or about December 28, 2019, SG1700 member S.M., and others known and unknown to the grand jury, exchanged gunfire with unknown individuals driving another vehicle, crashed a GMC YUKON, and fled the scene, leaving a firearm behind in the car, specifically a Zastava, Model PAP M92PV, 7.62 x 39mm caliber pistol, bearing serial number M92PV028705, loaded with 31 live rounds of 7.62 x 39mm caliber ammunition.

(37) Sometime between in or about 2018 and 2020, defendants HASSAN ELLIOTT, KHALIF SEARS, KELVIN JIMENEZ, and DOMINIQUE PARKER, and Bilal Mitchell and Sherman Easterling, each charged elsewhere, and others known and unknown to the grand jury, at various locations in and around the Frankford section of Philadelphia, including the neighborhood controlled by SG1700, staged and created multiple music videos for songs entitled, "Frankford Purge," "Dear Momma," "Hood Star-No Cap," "The Goat," "Freestyles," "Kooda," and "Catch Up." In the videos, defendants ELLIOTT, SEARS, JIMENEZ, and

- 13 -

PARKER, and Bilal Mitchell, Sherman Easterling, and others, displayed firearms, United States currency, gang hand signs, SG1700-branded clothing items, while referencing SG1700 members and associates and acts of violence committed by SG1700 members.

(38)     On or about January 9, 2020, defendant KELVIN JIMENEZ arranged to sell cocaine base ("crack") in the coming days.

(39)     On or about January 13, 2020, defendant KELVIN JIMENEZ arranged to sell cocaine base ("crack") in the coming days.

(40)     On or about January 14, 2020, in an alleyway near 5300 Duffield Street, in the neighborhood controlled by SG1700, defendant KELVIN JIMENEZ distributed cocaine base ("crack") in exchange for approximately $2,250.

(41)     On or about January 28, 2020, defendants HASSAN ELLIOTT, KHALIF SEARS, and KELVIN JIMENEZ, and Bilal Mitchell and Sherman Easterling, each charged elsewhere, shot at Rival Group 2 member M.M., a person known to the grand jury.

(42)     On or about February 11, 2020, defendant KELVIN JIMENEZ arranged to sell cocaine base ("crack") the next day.

(43)     On or about February 12, 2020, defendant KELVIN JIMENEZ, in the neighborhood controlled by SG1700, distributed cocaine base ("crack") in exchange for approximately $2,250.

(44)     On or about February 14 and 15, 2020, defendants DOMINIQUE PARKER and KELVIN JIMENEZ, and Bilal Mitchell, charged elsewhere, and others known and unknown to the grand jury, held a "welcome home" party for defendant Sherman Easterling, charged elsewhere, who had recently been released from jail. A dispute occurred between SG1700 members and individuals outside of an afterhours club resulting in Easterling being shot and

- 14 -

Jamal Williford, charged elsewhere, discharging a firearm in the area of 5743 Old 2nd Street in Philadelphia, Pennsylvania.

(45)     On or about February 28, 2020, Sherman Easterling, charged elsewhere, appeared in a video posted to social media, dancing to one of SG1700's songs, "Frankford Purge," in the territory controlled by Rival Group 2.

(46)     On or about March 13, 2020:

   a. Defendant HASSAN ELLIOTT shot and killed Philadelphia SWAT Sergeant James O'Connor;

   b. Defendant KHALIF SEARS, and Bilal Mitchell and Sherman Easterling, each charged elsewhere, knowing of HASSAN ELLIOTT's plan to shoot police to avoid apprehension, were staying in the middle bedroom of 1688 Bridge Street with ELLIOTT at the time of the shooting;

   c. Defendants HASSAN ELLIOTT and KHALIF SEARS, and Bilal Mitchell and Sherman Easterling, each charged elsewhere, possessed with intent to distribute cocaine base ("crack") and marijuana;

   d. Defendants HASSAN ELLIOTT and KHALIF SEARS, and Bilal Mitchell and Sherman Easterling, each charged elsewhere, possessed firearms located in the middle bedroom at 1688 Bridge Street.

(47)     From on or about March 14, 2020, to on or about April 10, 2020, defendants HASSAN ELLIOTT and KHALIF SEARS, and Bilal Mitchell, charged elsewhere, exchanged notes discussing SG1700, murders, shootings, robberies, and drug dealing while housed at the Curran-Fromhold Correctional Facility.

(48)     From on or about March 14, 2020, to on or about April 10, 2020, defendant

HASSAN ELLIOTT wrote "WE Run FKD From SG1700 2 Taccawanna Project" and a list of

names, including references to Kaseem Rogers, Dontae Walker, and Sergeant James O'Connor,

preceded by the phrase, "Fuck yall Homies, they dead!!," on the wall of his jail cell at the

Curran-Fromhold Correctional Facility.

(49)     On or about May 22, 2021:

> a. Defendant DOMINIQUE PARKER shot at Rival Group 1 member
>
>    B.L., a person known to the grand jury;
>
> b. Defendant DOMINIQUE PARKER possessed a Taurus, Model G2c,
>
>    9mm semi-automatic firearm, bearing serial number TLM61817,
>
>    loaded with one live round of ammunition.

## NOTICE OF SPECIAL SENTENCING FACTORS

14.     Beginning in or about June 2017 and continuing through and including

May 2021, within the Eastern District of Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**
**KELVIN JIMENEZ,**
**a/k/a "Nip," and**
**DOMINIQUE PARKER,**
**a/k/a "Dom,"**

with others known and unknown to the grand jury, knowingly and intentionally conspired to

distribute 5 kilograms or more of a mixture and substance containing a detectable amount of

cocaine, which was then converted into cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A).

15. On or about December 3, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**HASSAN ELLIOTT,
a/k/a "Haz," and
KELVIN JIMENEZ,
a/k/a "Nip,"**

and others known and unknown to the grand jury, knowingly, intentionally, willfully, deliberately, and with premeditation, murdered Kaseem Rogers, a human being, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18, Pennsylvania Consolidated Statutes Annotated, Section 2502(a), and aided and abetted such murder.

16. On or about March 1, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**HASSAN ELLIOT,
a/k/a "Haz," and
KHALIF SEARS,
a/k/a "Leaf,"
a/k/a "Lil Leaf,"**

and others known and unknown to the grand jury, (1) knowingly, intentionally, willfully, deliberately, and with premeditation murdered Tyrone Tyree, and (2) while engaging in and being an accomplice in the commission of, and an attempt to commit, and flight after committing and attempting to commit, robbery, chargeable under Title 18, Pennsylvania Consolidated Statutes Annotated, Section 3701, murdered Tyrone Tyree, a human being, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18, Pennsylvania Consolidated Statutes Annotated, Sections 2502(a) and (b), and aided and abetted such murder.

- 17 -

17.     On or about August 22, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

## HASSAN ELLIOTT,
### a/k/a "Haz," and
## DOMINIQUE PARKER,
### a/k/a "Dom,"

and others known and unknown to the grand jury, knowingly, intentionally, willfully,

deliberately, and with premeditation, murdered Dontae Walker, a human being, in violation of

the laws of the Commonwealth of Pennsylvania, that is, Title 18, Pennsylvania Consolidated

Statutes Annotated, Section 2502(a), and aided and abetted such murder.

18.     On or about March 13, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

## HASSAN ELLIOTT,
### a/k/a "Haz," and
## KHALIF SEARS,
### a/k/a "Leaf,"
### a/k/a "Lil Leaf,"

and others known to the grand jury, knowingly, intentionally, willfully, deliberately, and with

premeditation, murdered James O'Connor, a human being, in violation of the laws of the

Commonwealth of Pennsylvania, that is, Title 18, Pennsylvania Consolidated Statutes

Annotated, Section 2502(a), and aided and abetted such murder.

All in violation of Title 18, United States Code, Section 1962(d).

- 18 -

## COUNT TWO

## CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES
## 21 U.S.C. § 846

### THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1, 3, 6, 11, and 12 and overt acts 2, 3, 6, 10, 12, 13, 15, 18, 22

through 28, 31, 32, 37 through 39, 41, 42, 45, and 46 are incorporated by reference herein.

2.     From in or about June 2017 to in or about May 2021, in Philadelphia, in

the Eastern District of Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**
**KELVIN JIMENEZ,**
**a/k/a "Nip," and**
**DOMINIQUE PARKER,**
**a/k/a "Dom,"**

with others known and unknown to the grand jury, conspired and agreed to knowingly and

intentionally distribute and possessed with the intent to distribute:

a.   5 kilograms or more of a mixture and substance containing a detectable amount

of cocaine, which was then converted into the form that is cocaine base ("crack"),

a Schedule II controlled substance; and

b.   marijuana, a Schedule I controlled substance,

in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(D).

3.     It is further alleged that, with respect to the conspiracy charged in this

Count, 5 kilograms or more of a mixture and substance containing a detectable amount of

cocaine, which was then converted into the form that is cocaine base ("crack"), a Schedule II

controlled substance, is attributable, and was reasonably foreseeable, to defendants HASSAN

- 19 -

ELLIOTT, KHALIF SEARS, KELVIN JIMENEZ, and DOMINIQUE PARKER in violation of

Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE

## MURDER IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(1)

## THE GRAND JURY FURTHER CHARGES THAT:

1. SG1700, as described more particularly in paragraphs 1 through 11 of Count One, which paragraphs are realleged here, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2); that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2. SG1700, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1); that is, acts and threats involving murder, in violation of Pennsylvania law; and offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3. On or about December 3, 2018, in Philadelphia, in the Eastern District of Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise engaged in racketeering activity, defendants

**HASSAN ELLIOTT,
a/k/a "Haz," and
KELVIN JIMENEZ,
a/k/a "Nip,"**

- 21 -

and others known and unknown to the grand jury, intentionally murdered Kaseem Rogers, a

human being, in violation of the laws of the Commonwealth of Pennsylvania; that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2502(a), and aided and abetted such

murder.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FOUR

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(3)

## THE GRAND JURY FURTHER CHARGES THAT:

1.    Paragraphs 1 and 2 of Count Three are incorporated here.

2.    On or about December 3, 2018, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendants

## HASSAN ELLIOTT,
## a/k/a "Haz," and
## KELVIN JIMENEZ,
## a/k/a "Nip,"

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, D.S., a human being known to the grand jury, by shooting D.S. with a

firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such

assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT FIVE

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(3)

## THE GRAND JURY FURTHER CHARGES THAT:

1.  Paragraphs 1 and 2 of Count Three are incorporated here.

2.  On or about December 3, 2018, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendants

### HASSAN ELLIOTT,
### a/k/a "Haz," and
### KELVIN JIMENEZ,
### a/k/a "Nip,"

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, J.L., a human being known to the grand jury, by shooting J.L. with a firearm,

in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18, Pennsylvania

Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such assault with a

dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

- 24 -

## COUNT SIX

## CAUSING DEATH THROUGH THE USE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE
### 18 U.S.C. §§ 924(c)(1)(A), (j)(1)

### THE GRAND JURY FURTHER CHARGES THAT:

On or about December 3, 2018, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

### HASSAN ELLIOTT,
### a/k/a "Haz," and
### KELVIN JIMENEZ,
### a/k/a "Nip,"

and others known and unknown to the grand jury, knowingly used, carried, and discharged, and aided and abetted the use, carrying and discharge of, a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States; that is, murder in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, as charged in Count Three of this Superseding Indictment, and assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2, as charged in Counts Four and Five of this Superseding Indictment, and in the course of this violation caused the death, and aided and abetted the killing, of a person through the use of a firearm, which killing is a murder, as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, unlawfully killed Kaseem Rogers, by shooting him with a firearm willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), (j)(1), and 2.

## COUNT SEVEN

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(3)

### THE GRAND JURY FURTHER CHARGES THAT:

1.  Paragraphs 1 and 2 of Count Three are incorporated here.

2.  On or about January 25, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, C.S., a human being known to the grand jury, by shooting C.S. with a

firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such

assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT EIGHT

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(3)

## THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 and 2 of Count Three are incorporated here.

2.      On or about January 25, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, M.H., a human being known to the grand jury, by shooting M.H. with a

firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such

assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT NINE

## CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)

### THE GRAND JURY FURTHER CHARGES THAT:

On or about January 25, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

and others known and unknown to the grand jury, used and carried, and aided and abetted the use

and carrying of, a firearm, that is, a handgun, during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States; that is, assault with a dangerous

weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3)

and 2, as charged in Counts Seven and Eight of this Superseding Indictment, and that firearm

was discharged.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

- 28 -

## COUNT TEN

## MURDER IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(1)

### THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 and 2 of Count Three are incorporated here.

2. On or about March 1, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

and others known and unknown to the grand jury, intentionally murdered Tyrone Tyree, a human

being, in violation of the laws of the Commonwealth of Pennsylvania; that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2502(a), and aided and abetted such

murder.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT ELEVEN

## CAUSING DEATH THROUGH THE USE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE
## 18 U.S.C. §§ 924(c)(1)(A), (j)(1)

### THE GRAND JURY FURTHER CHARGES THAT:

On or about March 1, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

and others known and unknown to the grand jury, knowingly used, carried, and discharged, and

aided and abetted the use, carrying and discharge of, a firearm, during and in relation to a crime

of violence for which he may be prosecuted in a court of the United States; that is, murder in aid

of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, as

charged in Count Ten of this Superseding Indictment, and in the course of this violation caused

the death, and aided and abetted the killing, of a person through the use of a firearm, which

killing is a murder, as defined in Title 18, United States Code, Section 1111, in that the

defendant, with malice aforethought, unlawfully killed Tyrone Tyree, by shooting him with a

firearm willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), (j)(1), and 2.

## COUNT TWELVE

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(3)

## THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1 and 2 of Count Three are incorporated here.

2.     On or about August 20, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendants

### HASSAN ELLIOTT,
### a/k/a "Haz,"
### KELVIN JIMENEZ,
### a/k/a "Nip," and
### DOMINIQUE PARKER,
### a/k/a "Dom,"

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, R.B., a human being known to the grand jury, by shooting R.B. with a

firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such

assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

- 31 -

## COUNT THIRTEEN

## CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about August 20, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KELVIN JIMENEZ,**
**a/k/a "Nip," and**
**DOMINIQUE PARKER,**
**a/k/a "Dom,"**

and others known and unknown to the grand jury, used and carried, and aided and abetted the use

and carrying of, a firearm, that is, a handgun, during and in relation to a crime of violence for

which they may be prosecuted in a court of the United States; that is, assault with a dangerous

weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3)

and 2, as charged in Count Twelve of this Superseding Indictment, and that firearm was

discharged.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT FOURTEEN

## MURDER IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(1)

### THE GRAND JURY FURTHER CHARGES THAT:

1.  Paragraphs 1 and 2 of Count Three are incorporated here.

2.  On or about August 22, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendants

### HASSAN ELLIOTT,
### a/k/a "Haz," and
### DOMINIQUE PARKER,
### a/k/a "Dom,"

and others known and unknown to the grand jury, intentionally murdered Dontae Walker, a

human being, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2502(a), and aided and abetted such

murder.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FIFTEEN

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(3)

## THE GRAND JURY FURTHER CHARGES THAT:

1.  Paragraphs 1 and 2 of Count Three are incorporated here.

2.  On or about August 22, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendants

### HASSAN ELLIOTT,
### a/k/a "Haz," and
### DOMINIQUE PARKER,
### a/k/a "Dom,"

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, U.W., a human being known to the grand jury, by shooting U.W. with a

firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such

assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT SIXTEEN

## CAUSING DEATH THROUGH THE USE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE
### 18 U.S.C. §§ 924(c)(1)(A), (j)(1)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about August 22, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

### HASSAN ELLIOTT,
### a/k/a "Haz," and
### DOMINIQUE PARKER,
### a/k/a "Dom,"

and others known and unknown to the grand jury, knowingly used, carried, and discharged, and aided and abetted the use, carrying and discharge of, a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States; that is, murder in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, as charged in Count Fourteen of this Superseding Indictment, and assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2, as charged in Count Fifteen of this Superseding Indictment, and in the course of this violation caused the death, and aided and abetted the killing, of a person through the use of a firearm, which killing is a murder, as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, unlawfully killed Dontae Walker by shooting him with a firearm willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), (j)(1), and 2.

## COUNT SEVENTEEN

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(3)

### THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 and 2 of Count Three are incorporated here.

2. On or about December 20, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf," and**
**KELVIN JIMENEZ,**
**a/k/a "Nip,"**

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, R.F., a human being known to the grand jury, by shooting R.F. with a

firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such

assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT EIGHTEEN

## CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about December 20, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf," and**
**KELVIN JIMENEZ,**
**a/k/a "Nip,"**

and others known and unknown to the grand jury, used and carried, and aided and abetted the use

and carrying of, a firearm, during and in relation to a crime of violence for which they may be

prosecuted in a court of the United States; that is, assault with a dangerous weapon aid of

racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2, as charged

in Count Seventeen of this Superseding Indictment, and that firearm was discharged.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT NINETEEN

## ATTEMPTED ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(6)

### THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 and 2 of Count Three are incorporated here.

2. On or about December 27, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

and others known and unknown to the grand jury, knowingly and intentionally attempted to

assault with a dangerous weapon, L.H., a human being known to the grand jury, by shooting at

L.H. with a firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title

18, Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted

such attempted assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(6) and 2.

## COUNT TWENTY

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(3)

### THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 and 2 of Count Three are incorporated here.

2. On or about December 27, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, R.R., a human being known to the grand jury, by shooting R.R. with a

firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such

assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

- 39 -

## COUNT TWENTY-ONE

## CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about December 27, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

and others known and unknown to the grand jury, used and carried, and aided and abetted the use

and carrying of, a firearm, that is, a handgun, during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States; that is, assault with a dangerous

weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3)

and 2, as charged in Count Twenty of this Superseding Indictment, and that firearm was

discharged.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

- 40 -

## COUNT TWENTY-TWO

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(3)

## THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 and 2 of Count Three are incorporated here.

2. On or about January 28, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf," and**
**KELVIN JIMENEZ,**
**a/k/a "Nip,"**

and others known and unknown to the grand jury, knowingly and intentionally assaulted with a

dangerous weapon, M.M., a human being known to the grand jury, by shooting M.M. with a

firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted such

assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

- 41 -

## COUNT TWENTY-THREE

## CARRYING AND USING A FIREARM DURING A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about January 28, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf," and**
**KELVIN JIMENEZ,**
**a/k/a "Nip,"**

and others known and unknown to the grand jury, used and carried, and aided and abetted the use

and carrying of, a firearm, that is, a handgun, during and in relation to a crime of violence for

which they may be prosecuted in a court of the United States; that is, assault with a dangerous

weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3)

and 2, as charged in Count Twenty-Two of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT TWENTY-FOUR

## POSSESSION WITH INTENT TO DISTRIBUTE COCAINE AND MARIJUANA
## 21 U.S.C. § 841(a)(1)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about March 13, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz," and**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**

and others known and unknown to the grand jury, knowingly and intentionally possessed with

intent to distribute, and aided and abetted the possession with intent to distribute of a mixture and

substance containing a detectable amount of cocaine, in the form that is cocaine base ("crack"), a

Schedule II controlled substance, and a substance containing a detectable amount of marijuana, a

Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C),

(b)(1)(D), and Title 18, United States Code, Section 2.

- 43 -

## COUNT TWENTY-FIVE

## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
## 18 U.S.C. § 924(c)

### THE GRAND JURY FURTHER CHARGES THAT:

On or about March 13, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz," and**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**

and others known and unknown to the grand jury, knowingly possessed, and aided and abetted

the possession of, a firearm, that is, at least one of the following: a Glock, model 19, 9mm semi-

automatic pistol, bearing serial number RFA-920, loaded with 16 live rounds of 9mm

ammunition; a Polymer80, model P80, 9mm semi-automatic pistol, with no serial number,

loaded with an extended magazine and 32 live rounds of 9mm ammunition; a Springfield

Armory, model XD-45, .45 caliber semi-automatic pistol, bearing serial number GM417893

loaded with 10 live rounds of .45 caliber ammunition; an FNH, model Forty-Nine, .40 caliber

semi-automatic pistol, with an obliterated serial number that was later restored and determined to

be 517NN02488, loaded with 11 live rounds of .40 caliber ammunition; a Ruger, model SR-

1911, .45 caliber semi-automatic pistol, bearing serial number 671-91844, loaded with 8 live

rounds of .45 caliber ammunition; a Taurus, model PT111 G2c, 9mm semi-automatic pistol,

bearing serial number TLW02144, loaded with 13 live rounds of 9mm ammunition; a Smith &

Wesson, model M&P 40, .40 caliber semi-automatic pistol, bearing serial number NBM7950,

loaded with 16 live rounds of .40 caliber ammunition; a Polymer80, model P80, .40 caliber semi-

automatic pistol, with no serial number, loaded with 14 live rounds of .40 caliber ammunition; and an FNH, model FNS-40, .40 caliber semi-automatic pistol, bearing serial number GKU0124573, loaded with 15 live rounds of .40 caliber ammunition, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States; that is, possession with intent to distribute controlled substances, as charged in Count Twenty-Four of this Superseding Indictment, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), (b)(1)(D) and Title 18, United States Code, Section 2.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

## COUNT TWENTY-SIX

## MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1)

### THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 and 2 of Count Three are incorporated here.

2. On or about March 13, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz," and**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**

and others known and unknown to the grand jury, intentionally murdered James O'Connor, a

human being, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title 18,

Pennsylvania Consolidated Statutes Annotated, Section 2502(a), and aided and abetted such

murder.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWENTY-SEVEN

## CAUSING DEATH THROUGH THE USE OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C. §§ 924(c)(1)(A), (j)(1)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about March 13, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz," and**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**

and others known and unknown to the grand jury, knowingly used, carried, and discharged, and

aided and abetted the use, carrying and discharge of, a firearm, that is, a Mossberg, model 715T,

.22 caliber semi-automatic rifle, with an obliterated serial number, loaded with at least 16 live

rounds of .22 caliber ammunition during and in relation to a drug trafficking crime for which

they may be prosecuted in a court of the United States; that is, conspiracy to distribute controlled

substances, in violation of Title 21, United States Code, Section 846, as charged in Count Two of

this Superseding Indictment, and in the course of this violation caused the death, and aided and

abetted the killing, of a person through the use of a firearm, which killing is a murder, as defined

in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought,

unlawfully killed James O'Connor, by shooting him with the firearm willfully, deliberately,

maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), (j)(1), and 2.

## COUNT TWENTY-EIGHT

## POSSESSION OF A FIREARM BY A FELON
## 18 U.S.C. § 922(g)(1)

### THE GRAND JURY FURTHER CHARGES THAT:

On or about March 13, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, the defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

knowing that he had previously been convicted in a court of the Commonwealth of Pennsylvania

of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a

firearm, that is, at least one of the following: a Glock, model 19, 9mm semi-automatic pistol,

bearing serial number RFA-920, loaded with 16 live rounds of 9mm ammunition; a Polymer80,

model P80, 9mm semi-automatic pistol, with no serial number, loaded with an extended

magazine and 32 live rounds of 9mm ammunition; a Springfield Armory, model XD-45, .45

caliber semi-automatic pistol, bearing serial number GM417893 loaded with 10 live rounds of

.45 caliber ammunition; an FNH, model Forty-Nine, .40 caliber semi-automatic pistol, with an

obliterated serial number that was later restored and determined to be 517NN02488, loaded with

11 live rounds of .40 caliber ammunition; a Ruger, model SR-1911, .45 caliber semi-automatic

pistol, bearing serial number 671-91844, loaded with 8 live rounds of .45 caliber ammunition; a

Taurus, model PT111 G2c, 9mm semi-automatic pistol, bearing serial number TLW02144,

loaded with 13 live rounds of 9mm ammunition; a Smith & Wesson, model M&P 40, .40 caliber

semi-automatic pistol, bearing serial number NBM7950 loaded with 16 live rounds of .40 caliber

ammunition; a Polymer80, model P80, .40 caliber semi-automatic pistol, with no serial number,

loaded with 14 live rounds of.40 caliber ammunition; and an FNH, model FNS-40, .40 caliber

semi-automatic pistol, bearing serial number GKU0124573, loaded with 15 live rounds of .40 caliber ammunition, and the firearm was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-NINE

## MAINTAINING A DRUG-INVOLVED PREMISES
## 21 U.S.C. § 856(a)(1)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about March 13, 2020, in Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**
**KELVIN JIMENEZ,**
**a/k/a "Nip," and**
**DOMINIQUE PARKER,**
**a/k/a "Dom,"**

and others known and unknown to the grand jury, managed and controlled a residence located at

1688 Bridge Street in Philadelphia, as an occupant, and knowing and intentionally used the

residence for the purpose of unlawfully storing, manufacturing, distributing, and using controlled

substances, namely cocaine base ("crack") a Schedule II controlled substance, and marijuana, a

Schedule I controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT THIRTY

## ATTEMPTED ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(6)

## THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 and 2 of Count Three are incorporated here.

2. On or about May 22, 2021, in Philadelphia, in the Eastern District of

Pennsylvania, for the purpose of maintaining and increasing position in SG1700, an enterprise

engaged in racketeering activity, defendant

## DOMINIQUE PARKER,
## a/k/a "Dom,"

and others known and unknown to the grand jury, knowingly and intentionally attempted to

assault with a dangerous weapon, B.L., a human being known to the grand jury, by shooting at

B.L. with a firearm, in violation of the laws of the Commonwealth of Pennsylvania, that is, Title

18, Pennsylvania Consolidated Statutes Annotated, Section 2702(a)(4), and aided and abetted

such attempted assault with a dangerous weapon.

In violation of Title 18, United States Code, Sections 1959(a)(6) and 2.

## COUNT THIRTY-ONE

## POSSESSION OF A FIREARM BY A FELON
## 18 U.S.C. § 922(g)(1)

## THE GRAND JURY FURTHER CHARGES THAT:

On or about May 22, 2021, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

## DOMINIQUE PARKER,
## a/k/a "Dom,"

knowing that he had previously been convicted in a court of the Commonwealth of Pennsylvania

of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a

firearm, that is, a Taurus, Model G2c, 9mm semi-automatic pistol, bearing serial number

TLM61817, loaded with one live round of 9mm ammunition, and the firearm was in and

affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## NOTICE OF SPECIAL FINDINGS

## THE GRAND JURY FURTHER CHARGES THAT:

The allegations of Counts One through Twenty-Nine of this Superseding

Indictment are hereby realleged and incorporated by reference as if set forth herein. As to Count

Six, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

1.    Was more than 18 years old at the time of the offense (18 U.S.C. §

3591(a));

2.    Intentionally killed the victim, Kaseem Rogers (18 U.S.C. §

3591(a)(2)(A));

3.    Intentionally inflicted serious bodily injury that resulted in the death of the

victim (18 U.S.C. § 3591(a)(2)(B));

4.    Intentionally participated in an act, contemplating that the life of a person

would be taken or intending that lethal force would be used in connection with a person, other

than a participant in the offenses, and the victim died as a result of the act (18 U.S.C. §

3591(a)(2)(C));

5.    Intentionally and specifically engaged in an act of violence, knowing that

the act created a grave risk of death to a person, other than one of the participants to the offenses,

such that participation in the act constituted a reckless disregard for human life and the victim

died as a result of the act (18 U.S.C. § 3591(a)(2)(D));

6.    In the commission of the offense, the defendant knowingly created a grave

risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. §

3592(c)(5));

7.      Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8.      Intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

## NOTICE OF SPECIAL FINDINGS

## THE GRAND JURY FURTHER CHARGES THAT:

The allegations of Counts One through Twenty-Nine of this Superseding

Indictment are hereby realleged and incorporated by reference as if set forth herein. As to Count

Eleven, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

1.      Was more than 18 years old at the time of the offense (18 U.S.C. §

3591(a));

2.      Intentionally killed the victim, Tyrone Tyree (18 U.S.C. § 3591(a)(2)(A));

3.      Intentionally inflicted serious bodily injury that resulted in the death of the

victim (18 U.S.C. § 3591(a)(2)(B));

4.      Intentionally participated in an act, contemplating that the life of a person

would be taken or intending that lethal force would be used in connection with a person, other

than a participant in the offenses, and the victim died as a result of the act (18 U.S.C. §

3591(a)(2)(C));

5.      Intentionally and specifically engaged in an act of violence, knowing that

the act created a grave risk of death to a person, other than one of the participants to the offenses,

such that participation in the act constituted a reckless disregard for human life and the victim

died as a result of the act (18 U.S.C. § 3591(a)(2)(D));

6.      Committed the offense after substantial planning and premeditation to

cause the death of a person (18 U.S.C. § 3592(c)(9)); and

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

- 55 -

## NOTICE OF SPECIAL FINDINGS

## THE GRAND JURY FURTHER CHARGES THAT:

The allegations of Counts One through Twenty-Nine of this Superseding Indictment are hereby realleged and incorporated by reference as if set forth herein. As to Count Sixteen, defendant

## HASSAN ELLIOTT,
### a/k/a "Haz,"

1. Was more than 18 years old at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed the victim, Dontae Walker (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offenses, and the victim died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants to the offenses, such that participation in the act constituted a reckless disregard for human life and the victim died as a result of the act (18 U.S.C. § 3591(a)(2)(D));

6. In the commission of the offense, the defendant knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

- 56 -

7.  Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8.  Intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

## NOTICE OF SPECIAL FINDINGS

## THE GRAND JURY FURTHER CHARGES THAT:

The allegations of Counts One through Twenty-Nine of this Superseding Indictment are hereby realleged and incorporated by reference as if set forth herein. As to Count Twenty-Seven, defendant

### HASSAN ELLIOTT,
### a/k/a "Haz,"

1. Was more than 18 years old at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed the victim, James O'Connor (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offenses, and the victim died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants to the offenses, such that participation in the act constituted a reckless disregard for human life and the victim died as a result of the act (18 U.S.C. § 3591(a)(2)(D));

6. In the commission of the offense, the defendant knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

7.     Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8.     Intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

## NOTICE OF FORFEITURE 1

### THE GRAND JURY FURTHER CHARGES THAT:

1.    As a result of the violations of Title 21, United States Code, Sections

841(a)(1) and 846, set forth in this Superseding Indictment, defendants

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**
**KELVIN JIMENEZ,**
**a/k/a "Nip," and**
**DOMINIQUE PARKER,**
**a/k/a "Dom,"**

shall forfeit to the United States of America:

a.    Any property used or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such offense, including the following:

1.    a Mossberg, model 715T, .22 caliber semi-automatic rifle,

with an obliterated serial number;

2.    a Glock, model 19, 9mm semi-automatic pistol, bearing

serial number RFA-920;

3.    16 live rounds of 9mm ammunition;

4.    a Polymer80, model P80, 9mm semi-automatic pistol, with

no serial number;

5.    an extended magazine and 32 live rounds of 9mm

ammunition;

6.    a Springfield Armory, model XD-45, .45 caliber semi-

automatic pistol, bearing serial number GM417893;

7. 10 live rounds of .45 caliber ammunition;

8. an FNH, model Forty-Nine, .40 caliber semi-automatic

pistol, with an obliterated serial number that was later restored and determined to be

517NN02488;

9. 11 live rounds of .40 caliber ammunition;

10. a Ruger, model SR-1911, .45 caliber semi-automatic pistol,

bearing serial number 671-91844;

11. 8 live rounds of .45 caliber ammunition;

12. a Taurus, model PT111 G2c, 9mm semi-automatic pistol,

bearing serial number TLW02144;

13. 13 live rounds of 9mm ammunition;

14. a Smith & Wesson, model M&P 40, .40 caliber semi-

automatic pistol, bearing serial number NBM7950;

15. 16 live rounds of .40 caliber ammunition;

16. a Polymer80, model P80, .40 caliber semi-automatic pistol,

with no serial number;

17. 14 live rounds of.40 caliber ammunition;

18. an FNH, model FNS-40, .40 caliber semi-automatic pistol,

bearing serial number GKU0124573;

19. 15 live rounds of .40 caliber ammunition;

20. 8 live rounds of 9mm ammunition;

21. a Taurus, Model G2c, 9mm semi-automatic pistol, bearing

serial number TLM61817;

22.   1 live round of 9mm ammunition

23.   a Zastava, Model PAP M92PV, 7.62 x 39mm caliber pistol,

serial number M92PV028705; and

24.   31 live rounds of 7.62 x 39mm caliber ammunition.

b.   Any property constituting, or derived from, proceeds obtained

directly or indirectly from the commission of such offense.

2.   If any of the property subject to forfeiture, as a result of any act or

omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of this Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided
     without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the property subject to

forfeiture.

All pursuant to Title 21, United States Code, Section 853.

## NOTICE OF FORFEITURE 2

### THE GRAND JURY CHARGES THAT:

As a result of the violations of Title 18, United States Code, Sections 922(g)(1),

924(c)(1), and 924(j)(1) set forth in this Superseding Indictment, defendants:

**HASSAN ELLIOTT,**
**a/k/a "Haz,"**
**KHALIF SEARS,**
**a/k/a "Leaf,"**
**a/k/a "Lil Leaf,"**
**KELVIN JIMENEZ,**
**a/k/a "Nip," and**
**DOMINIQUE PARKER,**
**a/k/a "Dom,"**

shall forfeit to the United States of America the firearms and ammunition involved in the

commission of such offenses, including, but not limited to:

1. a Mossberg, model 715T, .22 caliber semi-automatic rifle,

with an obliterated serial number;

2. a Glock, model 19, 9mm semi-automatic pistol, bearing

serial number RFA-920;

3. 16 live rounds of 9mm ammunition;

4. a Polymer80, model P80, 9mm semi-automatic pistol, with

no serial number;

5. an extended magazine and 32 live rounds of 9mm

ammunition;

6. a Springfield Armory, model XD-45, .45 caliber semi-

automatic pistol, bearing serial number GM417893;

7. 10 live rounds of .45 caliber ammunition;

- 63 -

8. an FNH, model Forty-Nine, .40 caliber semi-automatic

pistol, with an obliterated serial number that was later restored and determined to be

517NN02488;

9. 11 live rounds of .40 caliber ammunition;

10. a Ruger, model SR-1911, .45 caliber semi-automatic pistol,

bearing serial number 671-91844;

11. 8 live rounds of .45 caliber ammunition;

12. a Taurus, model PT111 G2c, 9mm semi-automatic pistol,

bearing serial number TLW02144;

13. 13 live rounds of 9mm ammunition;

14. a Smith & Wesson, model M&P 40, .40 caliber semi-

automatic pistol, bearing serial number NBM7950;

15. 16 live rounds of .40 caliber ammunition;

16. a Polymer80, model P80, .40 caliber semi-automatic pistol,

with no serial number;

17. 14 live rounds of .40 caliber ammunition;

18. an FNH, model FNS-40, .40 caliber semi-automatic pistol,

bearing serial number GKU0124573;

19. 15 live rounds of .40 caliber ammunition;

20. 8 live rounds of 9mm ammunition.

21. a Taurus, Model G2c, 9mm semi-automatic pistol, bearing

serial number TLM61817;

22. 1 live round of 9mm ammunition

23. a Zastava, Model PAP M92PV, 7.62 x 39mm caliber pistol,

serial number M92PV028705; and

24. 31 live rounds of 7.62 x 39mm caliber ammunition

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United

States Code, Section 924(d).

**A TRUE BILL:**

**GRAND JURY FOREPERSON**

/for

**JACQUELINE C. ROMERO**
**United States Attorney**

*No.* _ _ _ _ _ _ _ _ _ _

## UNITED STATES DISTRICT COURT
Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

HASSAN ELLIOTT
a/k/a "Haz,"
KHALIF SEARS
a/k/a "Leaf," a/k/a "Lil Leaf,"
KELVIN JIMENEZ
a/k/a "Nip,"
DOMINIQUE PARKER
a/k/a "Dom"

## SUPERSEDING INDICTMENT

18 U.S.C. § 1962(d) (RICO conspiracy – 1 count)

21 U.S.C. § 846 (conspiracy to distribute controlled substances – 1 count)

18 U.S.C. § 1959(a)(1) (murder in aid of racketeering – 4 counts)

18 U.S.C. § 1959(a)(3) (assault in aid of racketeering – 9 counts)

18 U.S.C. § 1959(a)(6) (attempted assault in aid of racketeering – 2 counts)

18 U.S.C. § 924(c) (possession of a firearm in furtherance of drug trafficking – 1 count)

18 U.S.C. § 924(c)(1)(A)(i) (using, carrying, brandishing, and discharging a firearm during a crime of violence –5 counts)

18 U.S.C. §§ 924(c) and 924(j) (murder in the course of using, carrying, and discharging a firearm – 4 counts)

21 U.S.C. § 841(a)(1) (possession with intent to distribute and distribution of a controlled substance – 1 count)

21 U.S.C. § 856(a)(1) (maintaining a drug involved premises – 1 count)

18 U.S.C. § 922(g)(1) (possession of a firearm by a felon – 2 counts)

18 U.S.C. § 2 (aiding and abetting); Notices of Forfeiture

A true bill

Foreman

Filed in open court this **22nd** day,
Of **March** A.D. 20 **23**

Clerk

Bail, $