IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO: 20-417 |
| HASSAN ELLIOTT | : | |
| a/k/a "Haz," | | |
| KHALIF SEARS | : | |
| a/k/a "Leaf," | | |
| a/k/a "Lil Leaf," | : | |
| KELVIN JIMENEZ | | |
| a/k/a "Nip," | : | |
| DOMINIQUE PARKER | | |
| a/k/a "Dom" | : | |

## **O R D E R**

And now, this _____ day of _____, 2024, upon consideration of the government's motion for a protective order specific to *Jencks Act* materials, as provided in Government's Discovery Production 11, it is ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that the government shall provide only to defense counsel reports of any interviews with any cooperating defendants in this case, as well as grand jury transcripts, and no copies or translations of any such productions may be left in any federal detention center or jail where any inmate is housed. At no time shall any defendant have custody or control over any such *Jencks* materials produced by the government.

IT IS FURTHER ORDERED that any records that are to be admitted into the public record in this case shall be redacted to remove personal identifiers of non-parties. If it becomes necessary to use unredacted records as exhibits in this case, such unredacted records will be

shown only to the Court, the witness, the jury and the parties. Such unredacted records will be admitted under seal.

BY THE COURT:

HONORABLE JUAN R. SÁNCHEZ
*Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO:  20-417 |
| HASSAN ELLIOTT       a/k/a "Haz," | : | |
| KHALIF SEARS       a/k/a "Leaf,"       a/k/a "Lil Leaf," | : : | |
| KELVIN JIMENEZ       a/k/a "Nip," | : | |
| DOMINIQUE PARKER  a/k/a "Dom" | : | |

## GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER SPECIFIC TO *JENCKS ACT* MATERIALS

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney, and Ashley N. Martin, Christopher Diviny, and Lauren Stram, Assistant United States Attorneys, hereby respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), prohibiting the defense from disclosing the materials provided by the government in connection with its obligations under the Jencks Act, or the information contained therein, to third parties except as required to prepare for trial or for use at trial. The government further respectfully requests that pursuant to such order, the Court prohibit defense counsel from providing copies, or writings that contain the substance, of such materials to the defendants. In support of its motion, the government avers the following:

       1.      On November 18, 2020, the grand jury returned an indictment charging the defendants with the March 13, 2020 murder of Philadelphia Police Sergeant James O'Connor and related drug trafficking and firearms offenses. Specifically, the seven-count indictment charged a conspiracy to distribute cocaine base ("crack") and marijuana, in violation of 18

U.S.C. § 846; possession with intent to distribute cocaine base ("crack") and marijuana, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2; and maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(1). The indictment further charged possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2; using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2; and murder in the course of using, carrying, and discharging a firearm during and in relation to a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. §§ 924(j)(1) and 2. ECF Doc. No. 1.

2. On March 22, 2023, a federal grand jury returned a 31-count superseding indictment charging Elliott, Sears, Kelvin Jiminez, and Dominique Parker with conspiracy to engage in a racketeer influenced corrupt organization ("RICO"), in violation of 18 U.S.C. § 1962(d), violent crimes in aid of racketeering ("VCAR") to include murder, in violation of 18 U.S.C. § 1959(a)(1), stemming from the killings of victims Kaseem Rogers, Tyrone Tyree, Dontae Walker, and Philadelphia Police Sergeant James O'Connor, and related offenses.

3. On February 10, 2021, this Court signed a protective order for the discovery in this case. That protective order allowed for the government to provide copies of discovery documents and electronic materials to the defendants in their respective pre-trial detention facilities.

4. The government now intends to produce *Jencks Act* materials, as provided in the intended government's production 11, to include reports of any cooperating witnesses, as well as grand jury materials of various witnesses who testified in grand jury. In order to protect the safety, privacy, and identity interests of these individuals, the government respectfully

requests that the Court enter a protective order limiting the production and possession of these materials to only defense counsel, with no copies or translations of any such productions to be left in any federal detention center or jail where any inmate is housed. The government further asks that this Court Order that defense counsel may, of course, review these documents with their client in-person, but may not leave any copies or translations of any materials in the custody or control of their clients or any other individuals. The government also possesses other material which may be disclosable under the rule of Giglio v. United States, 405 U.S. 150 (1972) (concerning constitutional obligation to disclose impeachment material). The government intends to disclose this material in advance of trial, and in anticipation of those eventual disclosures it seeks a protective order.

    5.  Rule 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

Alderman v. United States, 394 U.S. 165, 185 (1969). Cf. United States v. McDade, 1994 WL 161243, *3-*5 (E.D. Pa. April 15, 1994) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure); United States v. Smith, 602 F. Supp 388, 397-98 (M.D. Pa. 1985) (rejecting press request to unseal bill of particulars containing the names of unindicted coconspirators; "no First Amendment right of access to inspect and copy judicial records and documents that contain information which was produced in pre-trial discovery proceedings").

6. All defense counsel have advised the government that they do not object to this motion.

## CONCLUSION

For all of the reasons set forth above, there is good cause in this matter for entry of an additional protective order limiting the disclosure of *Jencks* materials only to defense counsel. In this case, such a limitation will help to prevent the disclosure of information which could put witnesses at risk of possible intimidation and/or retaliation as well as affect their privacy interests.

Accordingly, the government respectfully requests entry of a protective order limiting the production and possession of these materials to only defense counsel, with no copies or translations of any such productions to be left in any federal detention center or jail where any inmate is housed, absent further Order of the Court.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


s/ *Ashley N. Martin*
ASHLEY N. MARTIN
CHRISTOPHER DIVINY
LAUREN STRAM
Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Government's Motion for Protective Order to be served by electronic filing and/or e-mail upon the defendant's counsel of record.

                                                          s/ *Ashley N. Martin*
                                                          ASHLEY N. MARTIN
                                                          LAUREN E. STRAM
                                                          CHRISTOPHER DIVINY
                                                          Assistant United States Attorneys

Date: December 5, 2024