# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO:   20-417** |
| **HASSAN ELLIOTT** | : | |
| **a/k/a "Haz,"** | | |
| **KHALIF SEARS** | : | |
| **a/k/a "Leaf,"** | | |
| **a/k/a "Lil Leaf,"** | : | |
| **KELVIN JIMENEZ** | | |
| **a/k/a "Nip,"** | : | |
| **DOMINIQUE PARKER** | | |
| **a/k/a "Dom"** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Ashley N. Martin, Lauren E. Stram and Christopher Diviny, Assistant United States Attorneys for the district, respectfully submits the following proposed jury instructions pursuant to Federal Rule of Criminal Procedure 30.

With leave of the Court, the Government requests leave to file any supplemental instructions as may appear necessary and proper.

Sincerely yours,
JACQUELINE C. ROMERO
United States Attorney


/s/ Ashley Martin
ASHLEY N. MARTIN
LAUREN E. STRAM
CHRISTOPHER DIVINY
Assistant United States Attorneys

Date:  December 13, 2024

# TABLE OF CONTENTS

**Instructions**                                                  **Page Number**

GOV'T'S REQUEST NO. 1 Role of Jury .................................................................................. 1
GOV'T'S REQUEST NO. 2 Evidence ..................................................................................... 3
GOV'T'S REQUEST NO. 3 Direct and Circumstantial Evidence ................................................ 6
GOV'T'S REQUEST NO. 4 Jury Recollection Controls .......................................................... 8
GOV'T'S REQUEST NO. 5 Penalty Not To Be Considered ........................................................ 9
GOV'T'S REQUEST NO. 6 Presumption of Innocence; Burden of Proof; Reasonable Doubt ... 10
GOV'T'S REQUEST NO. 7 Not All Evidence, Not All Witnesses Needed ............................... 12
GOV'T'S REQUEST NO. 8 Superseding indictment in the conjunctive, statute and required proof in the disjunctive ...................................................................................................... 13
GOV'T'S REQUEST NO. 9 Stipulated Testimony ...................................................................... 15
GOV'T'S REQUEST NO. 10 Stipulated Fact ........................................................................... 16
GOV'T'S REQUEST NO. 11 Credibility of Witnesses ............................................................ 17
GOV'T'S REQUEST NO. 12 Credibility of Witnesses – Law Enforcement Officer .................. 19
GOV'T'S REQUEST NO. 13 Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperation Witnesses 20
GOV'T'S REQUEST NO. 14 Credibility of Witnesses – Testimony of Informer ...................... 22
GOV'T'S REQUEST NO. 15 Credibility of Witnesses - Testimony of Addict or Substance Abuser ............................................................................................................................ 23
GOV'T'S REQUEST NO. 16 Opinion Evidence (Lay Witnesses) (F.R.E. 701) .......................... 24
GOV'T'S REQUEST NO. 17 Opinion Evidence (Expert Witnesses) .......................................... 25
GOV'T'S REQUEST NO. 18 Fingerprints, Handwriting, and DNA Evidence ........................... 26
GOV'T'S REQUEST NO. 19 Specific Investigation Techniques Not Required ......................... 27
GOV'T'S REQUEST NO. 20 Evidence Obtained Pursuant to Search Warrant .......................... 28
GOV'T'S REQUEST NO. 21 Audio / Video Recordings—Transcripts ...................................... 29
GOV'T'S REQUEST NO. 22 Audio / Video Recordings—Non-consensual ............................... 30
GOV'T'S REQUEST NO. 23 Transcripts of Recording In Foreign Language ........................... 31
GOV'T'S REQUEST NO. 24 Summaries – Underlying Evidence Not Admitted (F.R.E. 1006). 32
GOV'T'S REQUEST NO. 25 Summaries - Underlying Evidence Admitted ............................... 33
GOV'T'S REQUEST NO. 26 Silence in the Face of Accusation ............................................... 34
GOV'T'S REQUEST NO. 27 Consciousness of Guilt (False Exculpatory Statements) ............... 35
GOV'T'S REQUEST NO. 28 Consciousness of Guilt (Flight, Concealment, Use of an Alias, etc.) ....................................................................................................................................... 36
GOV'T'S REQUEST NO. 29 Impeachment of Witness – Prior Inconsistent Statement for Credibility Only ............................................................................................................. 37
GOV'T'S REQUEST NO. 30 Impeachment of Witness - Prior Conviction (F.R.E. 609) ............ 38
GOV'T'S REQUEST NO. 31 Impeachment of Witness – Prior Bad Acts (F.R.E. 608(b)) ......... 39
GOV'T'S REQUEST NO. 32 Prior Consistent Statements (F.R.E. 801(d)(1)(B)) ...................... 40
GOV'T'S REQUEST NO. 33 Defendant's Choice not to Testify or Present Evidence ............... 41
GOV'T'S REQUEST NO. 34 Defendant's Testimony ................................................................ 42
GOV'T'S REQUEST NO. 35 Defendant's Character Evidence ................................................. 43
GOV'T'S REQUEST NO. 36 Nature of the Indictment............................................................. 44
GOV'T'S REQUEST NO. 37 "On or About".......................................................................... 47
GOV'T'S REQUEST NO. 38 Venue......................................................................................... 48

GOV'T'S REQUEST NO. 39 Separate Consideration – Multiple Defendants Charged with Different Offenses ................................................................................... 49

GOV'T'S REQUEST NO. 40 Verdict as to defendants only ...................................... 50

GOV'T'S REQUEST NO. 41 Proof of Required Mental States .................................. 51

GOV'T'S REQUEST NO. 42 Knowingly ................................................................... 52

GOV'T'S REQUEST NO. 43 Intentionally ................................................................. 53

GOV'T'S REQUEST NO. 44 Motive Explained ........................................................ 54

GOV'T'S REQUEST NO. 45 RICO Conspiracy - Elements of the Offense (18 U.S.C. § 1962(d)) ................................................................................. 55

GOV'T'S REQUEST NO. 46 Conspiracy- Existence of an Agreement ...................... 60

GOV'T'S REQUEST NO. 47 Conspiracy- Membership in the Agreement ................ 62

GOV'T'S REQUEST NO. 48 Conspiracy- Mental States .......................................... 64

GOV'T'S REQUEST NO. 49 Conspiracy- Success Immaterial ................................. 65

GOV'T'S REQUEST NO. 50 Conspiracy- Duration .................................................. 66

GOV'T'S REQUEST NO. 51 Conspiracy- Acts and Statements of Co-Conspirators ................. 67

GOV'T'S REQUEST NO. 52 Agreement to Commit a RICO Offense ....................... 68

GOV'T'S REQUEST NO. 53 RICO—Meaning of Terms ........................................ 71

GOV'T'S REQUEST NO. 54 "Enterprise" Defined Generally ................................. 72

GOV'T'S REQUEST NO. 55 "Enterprise" Association in Fact Defined ................... 73

GOV'T'S REQUEST NO. 56 "Engaged In, or the Activities of Which Affect, Interstate or Foreign Commerce" Defined ............................................................... 75

GOV'T'S REQUEST NO. 57 "Associated With or Employed by the Enterprise"- Defined ........ 76

GOV'T'S REQUEST NO. 58 "Conduct or Participate, Directly or Indirectly, in the Conduct of Such Enterprise's Affairs" - Defined ........................................... 78

GOV'T'S REQUEST NO. 59 "Through a Pattern of Racketeering Activity" - Defined ............. 80

GOV'T'S REQUEST NO. 60 "Racketeering Activity" - Defined ............................... 83

GOV'T'S REQUEST NO. 61 Counts 3, 4, 5, 7, 8, 10, 12, 14, 15, 17, 19, 20, 22, 26, and 30- Violent Crime in Aid of Racketeering—the Superseding Indictment and the Statute ..... 84

GOV'T'S REQUEST NO. 62 Counts 3, 4, 5, 7, 8, 10, 12, 14, 15, 17, 19, 20, 22, 26, and 30- Violent Crime in Aid of Racketeering— Prejudice From the Word "Racketeering" ....... 85

GOV'T'S REQUEST NO. 63 Violent Crimes in Aid of Racketeering – Elements of the Offense (18 U.S.C. § 1959) ..................................................................... 86

GOV'T'S REQUEST NO. 64 Violent Crimes in Aid of Racketeering – "Enterprise Existed" (18 U.S.C. § 1959) ..................................................................... 87

GOV'T'S REQUEST NO. 65 Violent Crimes in Aid of Racketeering – "Enterprise Engaged in Racketeering Activity" (18 U.S.C. § 1959) ...................................... 89

GOV'T'S REQUEST NO. 66 Violent Crimes in Aid of Racketeering – "Position in the Enterprise" (18 U.S.C. § 1959) ................................................................. 93

GOV'T'S REQUEST NO. 67 Violent Crimes in Aid of Racketeering – "Defendant Committed Crime of Violence" (18 U.S.C. § 1959) ...................................... 94

GOV'T'S REQUEST NO. 68 Violent Crimes in Aid of Racketeering – "Purpose to Maintain or Increase Position in Enterprise" (18 U.S.C. § 1959) ............................ 98

GOV'T'S REQUEST NO. 69 Conspiracy to Distribute Controlled Substance (21 U.S.C. § 846)99

GOV'T'S REQUEST NO. 70 Special Interrogatories with Respect to Substance and Weight .. 101

GOV'T'S REQUEST NO. 71 Possession with Intent to Distribute Controlled Substances ....... 103

GOV'T'S REQUEST NO. 72 Controlled Substances—Possession Defined ............................. 104

GOV'T'S REQUEST NO. 73 Controlled Substances—Distribute Defined .............................. 105

GOV'T'S REQUEST NO. 74 Controlled Substances—Controlled Substance Defined ............. 106

GOV'T'S REQUEST NO. 75 Controlled Substances Offenses - Knowingly or Intentionally Defined ................................................................................................................ 107

GOV'T'S REQUEST NO. 76 Controlled Substances - Intent to Distribute Defined ................. 108

GOV'T'S REQUEST NO. 77 Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime or Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)) ........................................................................................ 109

GOV'T'S REQUEST NO. 78 "In Furtherance of" Defined ........................................................ 113

GOV'T'S REQUEST NO. 79 "Knowing Possession" Defined ................................................. 114

GOV'T'S REQUEST NO. 80 "Firearm" Defined ...................................................................... 116

GOV'T'S REQUEST NO. 81 Causing Death Through Use or Possession of a Firearm—Elements of the Offense ............................................................................................................. 117

GOV'T'S REQUEST NO. 82 Causing Death Through Use or Possession of a Firearm—Murder Defined ............................................................................................................................ 119

GOV'T'S REQUEST NO. 83 Aiding and Abetting 924(c) Violation by Participant in Underlying Predicate Offense ......................................................................................................... 120

GOV'T'S REQUEST NO. 84 Maintaining a Drug Involved Premises – Elements (21 U.S.C. § 856(a)(1)) ...................................................................................................................... 123

GOV'T'S REQUEST NO. 85 Maintaining a Drug Involved Premises – Maintaining a Place (21 U.S.C. § 856(a)(1)) ...................................................................................................... 124

GOV'T'S REQUEST NO. 86 Maintaining a Drug Involved Premises – Purpose (21 U.S.C. § 856(a)(1)) ...................................................................................................................... 125

GOV'T'S REQUEST NO. 87 Maintaining a Drug Involved Premises – Knowledge (21 U.S.C. § 856(a)(1)) ...................................................................................................................... 126

GOV'T'S REQUEST NO. 88 Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a)) .. 127

GOV'T'S REQUEST NO. 89 Conspiracy- Responsibility For Substantive Offenses Committed By Co-Conspirators (*Pinkerton* Liability) .................................................................... 129

GOV'T'S REQUEST NO. 90 Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court ....................................... 131

GOV'T'S REQUEST NO. 91 Verdict Form ............................................................................... 134

*The following instructions are to be given after the jury completes initial deliberations:* ......... 135

GOV'T'S REQUEST NO. 1 Felon In Possession of Firearm (18 U.S.C. § 922(g)) (bifurcation as to prior conviction) ....................................................................................................... 135

GOV'T'S REQUEST NO. 2 Felon In Possession of Firearm (18 U.S.C. § 922(g))—Proof of Prior Conviction ............................................................................................................. 136

GOV'T'S REQUEST NO. 3 Felon In Possession of Firearm (18 U.S.C. § 922(g))—Evidence of Prior Conviction ............................................................................................................. 138

GOV'T'S REQUEST NO. 4 Felon In Possession of Firearm (18 U.S.C. § 922(g))—Interstate or Foreign Commerce ........................................................................................................ 139

**Role of Jury**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or

communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender (, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community).

———————————————

Third Circuit Model Criminal Jury Instructions, No. 3.01 (2024).

# GOV'T'S REQUEST NO. 2
## Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence

was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.02 (2024).

### Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining.  On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.03 (2024).

**GOV'T'S REQUEST NO. 4**
**Jury Recollection Controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

---

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th ed. 2010) (unmodified); <u>United States v. Thames</u>, 846 F.2d 200, 204 (3d Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 928 (1988).

**GOV'T'S REQUEST NO. 5**
**Penalty Not To Be Considered**

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

_____

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 20.01 (6th ed. 2010) (the instruction set out is paragraph 6 of a longer instruction intended to be given as the jury retires); <u>United States v. Austin</u>, 533 F.2d 879, 884-85 (3d Cir. 1976), <u>cert</u>. <u>denied</u>, 429 U.S. 1043 (1977).

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendants Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominique Parker pleaded not guilty to the offenses charged. The defendants are presumed to be innocent. They started the trial with a clean slate, with no evidence against them. The presumption of innocence stays with Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominique Parker unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendants are guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominique Parker not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominique Parker has no burden or obligation to present any evidence at all or to prove that they are not guilty. The burden or obligation of proof is on the government to prove that the defendants are guilty and this burden stays with the government throughout the trial.

In order for you to find Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominique Parker guilty of the offenses charged, the government must convince you that they are guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of

the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.06 (2024).

**GOV'T'S REQUEST NO. 7**
**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*[In this case, the (name of defendant) [presented evidence] [produced witnesses]. (Name) is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

_____

Third Circuit Model Criminal Jury Instructions, No. 3.05 (2024).

**GOV'T'S REQUEST NO. 8**
**Superseding indictment in the conjunctive, statute and required proof in the disjunctive**

Before I discuss elements of the offense charged in the superseding indictment, I want to instruct you in the meaning of the word "and" when it is used in statutes or superseding indictments.

It is not uncommon that a given criminal statute will prohibit not merely one form of action but several related forms if action in what lawyers call "the disjunctive," that is, separated by the word "or." For example, the federal drug statute, 21 U.S.C. § 841(a)(1), makes it illegal to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance. This statute prohibits six different actions: (1) manufacturing, (2) distributing, (3) dispensing, (4) possessing with intent to manufacture, (5) possessing with intent to distribute, and (6) possessing with intent to dispense. All six of these crimes are separated by the word "or" in the statute. Yet, when you look at the superseding indictment, it is permissible for the government to charge all six and separate them with the word "and." This, however, does not mean that if the government does so, it must prove that the defendant violated the drug statute in all six ways. If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction. As the United States Supreme Court has said: "The general rule is that when a jury returns a guilty verdict on a superseding indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." Thus, for example, if the evidence proves

that a defendant distributed cocaine, it is irrelevant whether or not he also manufactured it.

---

Turner v. United States, 396 U.S. 398, 420-21 (1970); United States v. Niederberger, 580 F.2d 63, 67-68 (3d Cir. 1978); United States v. Vampire Nation, 451 F.3d 189, 204 (3d Cir. 2006).

**GOV'T'S REQUEST NO. 9**
**Stipulated Testimony**


The parties have agreed what (*name of witness*)'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.01 (2024).

**<u>GOV'T'S REQUEST NO. 10</u>**
**Stipulated Fact**

The Government and the defendants have agreed that <u>the following facts are true:</u>

You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.02 (2024).

**GOV'T'S REQUEST NO. 11**
**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.04 (2024).

**GOV'S REQUEST NO. 12**
**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

*[At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.]*

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.18 (2024).

## GOV'T'S REQUEST NO. 13
### Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperation Witnesses

You have heard evidence that *(name of witness)* *[Include as many of the following that apply:*

*is an alleged (accomplice)(co-conspirator), someone who says (he)(she) participated in the crime charged; or*

*has made a plea agreement with the government; or*

*has received a promise from the government that (he)(she) will not be prosecuted; or*

*has received a promise from the government that (his)(her) testimony will not be used against (him)(her) in a criminal case; or*

*received a benefit from the government in exchange for testifying.]*

*(His)(Her)* testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has *(describe the witness's situation, e.g., reached a plea bargain with the government, received a benefit from the government)* in exchange for *(his)(her)* testimony, but you should consider the testimony of *(name of witness)* with great care and caution. In evaluating *(name of witness)*'s testimony, you should consider this factor along with the others I have called to your attention. Whether or not *(his)(her)* testimony may have been influenced by the *(plea agreement)(government's promise)(alleged involvement in the crime charged)* is for you to determine. You may give *(his)(her)* testimony such weight as you think it deserves.

*[You must not consider (name of witness)'s guilty plea as any evidence of (name of defendant)'s guilt. (His)(Her) decision to plead guilty was a personal decision about (his)(her) own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to*

*eliminate any concern that (the defendant) (any of the defendants) has been singled out for*

*prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the*

*events about which (he)(she) testified. You may consider (name of witness)'s guilty plea only for*

*these purposes.]*

_____

Third Circuit Model Criminal Jury Instructions, No. 4.19 (2024).

**Credibility of Witnesses – Testimony of Informer**

You have heard evidence that *(name of witness)* has an arrangement with the government under which *(he)(she) (gets paid)(receives) (describe benefit)* for providing information to the government. *(Name of witness)*'s testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who *(gets paid)(receives) (describe benefit)* for providing information to the government, but you should consider the testimony of *(name of witness)* with great care and caution. In evaluating *(name of witness)*'s testimony, you should consider this factor along with the others I have called to your attention. You may give the testimony such weight as you think it deserves. It is for you to determine whether or not *(name of witness)*'s information or testimony may have been influenced by *(his)(her)* arrangement with the government.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.20 (2024).

**GOV'T'S REQUEST NO. 15**
**Credibility of Witnesses - Testimony of Addict or Substance Abuser**

Evidence was introduced during the trial that *(name of witness) [(was (using drugs)(addicted to drugs)(abusing alcohol) when the events took place) (was abusing (drugs)(alcohol) at the time of trial)]*. There is nothing improper about calling such a witness to testify about events within *(his)(her)* personal knowledge.

On the other hand, *(his)(her)* testimony must be considered with care and caution. The testimony of a witness who *(describe circumstances)* may be less believable because of the effect the *(drugs)(alcohol)* may have on *(his)(her)* ability to perceive, remember, or relate the events in question.

After considering *(his)(her)* testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.21 (2024).

**Opinion Evidence (Lay Witnesses) (F.R.E. 701)**

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue.

In this case, I permitted *(name)* to offer *(his)(her)* opinion based on *(his)(her)* perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.09 (2024).

**Opinion Evidence (Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from *(state the name of the person(s) who offered an opinion)*. Because of *(his)(her)(their)* knowledge, skill, experience, training, or education in the field of *(state the witness(es)'s field)*, *(Mr.)(Ms.)(Dr.) (name) (was)(were)* permitted to offer a*(n)* opinion*(s)* in that field and the reasons for *(that)(those)* opinion*(s)*.

The opinion*(s) (this)(these)* witness*(es)* state*(s)* should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion*(s)* entirely if you decide that *(Mr.)(Ms.)(Dr.) (name)*'s opinion*(s) (is)(are)* not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion*(s)* if you conclude that the reasons given in support of the opinion*(s)* are not sound, or if you conclude that the opinion*(s) (is)(are)* not supported by the facts shown by the evidence, or if you think that the opinion*(s) (is)(are)* outweighed by other evidence.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.08 (2024).

**Fingerprints, Handwriting, and DNA Evidence**

When the identity of the person who committed a crime is in question, the parties may introduce *(fingerprint)(DNA)(handwriting)* evidence to try to prove who committed the crime. To do this, a party may present a "known" sample of a person's *(fingerprint)(DNA)(handwriting)*, one that is *(proved)(admitted)* to come from that person. This known *(fingerprint)(DNA)(handwriting)* sample is then compared with any *(fingerprint)(DNA)(handwriting)* being introduced to prove who committed the crime. In this case *(describe evidence produced; e.g., the "known" sample is the fingerprint card and testimony produced by the government which, if believed, establishes that the fingerprints on the card are the defendant's and the disputed evidence is the fingerprint that was found at the scene of the crime.)*

*[In this case you also heard the testimony of a witness who claims special qualification in the field of (fingerprint identification)(DNA analysis)(handwriting identification). The witness was allowed to express an opinion in order to help you decide whether the disputed (fingerprint)(DNA)(handwriting) connected to the crime in question is (the defendant)(name of suspect other than defendant)'s (fingerprint)(DNA)(handwriting). You may therefore consider the witness's opinion in reaching your independent decision on this issue.]*

_____

Third Circuit Model Criminal Jury Instructions, No. 4.13 (2024).

**Specific Investigation Techniques Not Required**

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices)*. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to *(mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence)*.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.14 (2024).

**<u>GOV'T'S REQUEST NO. 20</u>**
**Evidence Obtained Pursuant to Search Warrant**

Some of the evidence presented during the trial was obtained pursuant to a search warrant authorized by a judge. That evidence was obtained lawfully, and you may consider it in your deliberations.

_____

*See Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294 (1967).

**GOV'T'S REQUEST NO. 21**
**Audio / Video Recordings—Transcripts**

You have heard *(audio)(video)* recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.06 (2024).

**Audio / Video Recordings—Non-consensual**

During the trial, you heard recordings of conversations with the defendant*(s)* which were made without the knowledge of the parties to the conversations, but with the consent and authorization of the court. These recordings *(sometimes referred to as wiretaps)* were lawfully obtained.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.05 (2024).

**Transcripts of Recording In Foreign Language**

During the trial, you listened to a tape recording in (*Spanish*). Each of you was given a transcript of the recording which was admitted into evidence. The transcript was a translation of the foreign language tape recording.

Although some of you may know the (*Spanish*), it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.07 (2024).

**Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)**

Certain *(charts)(summaries)* offered by *(the parties)(the government)(the defendant)* were admitted as evidence. You may use those *(charts)(summaries)* as evidence, even though the underlying documents and records have not been admitted into evidence.

*[However, the (accuracy)(authenticity) of those (charts)(summaries) has been challenged. You must decide how much weight, if any, you will give to them. In making that decision, you should consider the testimony you heard about the way in which the (charts)(summaries) were prepared.]*

_____

Third Circuit Model Criminal Jury Instructions, No. 4.11 (2024).

**Summaries - Underlying Evidence Admitted**


*(The parties)(The government)(The defendant)* presented certain *(charts)(summaries)* in order to help explain the facts disclosed by the *(describe the admitted evidence that provided the basis for the summaries; e.g., books, records, documents)* which were admitted as evidence in the case. The *(charts)(summaries)* are not themselves evidence or proof of any facts. If the *(charts)(summaries)* do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.


_____

Third Circuit Model Criminal Jury Instructions, No. 4.10 (2024).

**GOV'T'S REQUEST NO. 26**
**Silence in the Face of Accusation**


You heard evidence that *(name of person who made accusatory statement)* made a

statement accusing *(name of defendant)* of the crime charged in the indictment, and that *(name of*

*defendant)* did not *(deny the accusation)(object to the statement)(contradict the statement)*. If you

find that *(name of defendant)* was present and actually heard and understood the statement, and

that it was made under such circumstances that *(name of defendant)* would be expected to *(deny*

*the accusation)(object to the statement)(contradict the statement)* if it was not true, then you may

consider whether *(name of defendant)*'s silence was an admission of the truth of the statement.


_____

Third Circuit Model Criminal Jury Instructions, No. 4.34 (2024).

**GOV'T'S REQUEST NO. 27**
**Consciousness of Guilt (False Exculpatory Statements)**

You have heard testimony that *(name of defendant)* made certain statements outside the courtroom to law enforcement authorities in which *(he)(she)* claimed that *(his)(her)* conduct was consistent with innocence and not with guilt. The government claims that these statements are false.

If you find that *(name of defendant)* made a false statement in order to direct the attention of the law enforcement officers away from *(himself)(herself)*, you may, but are not required to conclude that *(name of defendant)* believed that *(he)(she)* was guilty. It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish *(his)(her)* innocence. You may not, however, conclude on the basis of this alone, that *(name of defendant)* is, in fact, guilty of the crime for which *(he)(she)* is charged.

You must decide whether or not the evidence as to *(name of defendant)* shows that *(he)(she)* believed that *(he)(she)* was guilty, and the significance, if any, to be attached to this evidence. In your evaluation, you may consider that there may be reasons - fully consistent with innocence - that could cause a person to give a false statement that *(he)(she)* did not commit a crime. Fear of law enforcement, reluctance to become involved, or simple mistake may cause an innocent person to give such a statement or explanation.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.31 (2024).

You have heard testimony that after the crime was supposed to have been committed, *(name of defendant) (describe the conduct proven; e.g., shaved his beard and cut his hair, went to Los Angeles)*.

If you believe that *(name of defendant) (describe the conduct proven)*, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that *(he)(she)* committed the crime charged. This conduct may indicate that *(he)(she)* thought *(he)(she)* was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may *(describe the conduct proven)* for some other reason. Whether or not this evidence causes you to find that the defendant was conscious of *(his)(her)* guilt of the crime charged, and whether that indicates that *(he)(she)* committed the crime charged, is entirely up to you as the sole judges of the facts.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.30 (2024).

**GOV'T'S REQUEST NO. 29**
**Impeachment of Witness – Prior Inconsistent Statement for Credibility Only**

You have heard the testimony of certain witnesses *(if only one witness was impeached with a prior inconsistent statement, include name of witness)*. You have also heard that before this trial *(they)(he)(she)* made *(statements)(a statement)* that may be different from *(their)(his)(her)* testimony in this trial. It is up to you to determine whether *(these statements were)(this statement was)* made and whether *(they were)(it was)* different from the witness*(es)'* testimony in this trial. *(These earlier statements were)(This earlier statement was)* brought to your attention only to help you decide whether to believe the witness*(es)'* testimony here at trial. You cannot use it as proof of the truth of what the witness*(es)* said in the earlier statement*(s)*. You can only use it as one way of evaluating the witness*(es)'* testimony in this trial.

*[You also heard evidence that (this witness)(certain witnesses) made statements before this trial that were (describe condition satisfying Federal Rules of Evidence, Rule 801(d)(1)(A); e.g., made under oath, given before the grand jury) and that may be different from (his)(her) testimony at trial. When a statement is (describe condition; made under oath, made before the grand jury), you may not only use it to help you decide whether you believe the witness's testimony in this trial but you may also use it as evidence of the truth of what the witness(es) said in the earlier statement(s). But when a statement is (describe condition; e.g., not made under oath, not given before the grand jury), you may use it only to help you decide whether you believe the witness's testimony in this trial and not as proof of the truth of what the witness(es) said in the earlier statement(s).]*

_____

Third Circuit Model Criminal Jury Instructions, No. 4.22 (2024).

**GOV'T'S REQUEST NO. 30**
**Impeachment of Witness - Prior Conviction (F.R.E. 609)**


You heard evidence that *(name)*, a witness, was previously convicted of a crime *(punishable by more than one year in jail)(involving dishonesty or false statement)*. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe *(name)* and how much weight to give to *(name)'s* testimony.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.25 (2024).

**GOV'T'S REQUEST NO. 31**
**Impeachment of Witness – Prior Bad Acts (F.R.E. 608(b))**

You heard evidence that *(name)*, a witness, committed *(describe bad act inquired about during cross-examination)*. You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe *(name)* and how much weight to give *(his)(her)* testimony.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.24 (2024).

**Prior Consistent Statements (F.R.E. 801(d)(1)(B))**

You *(just heard)(are about to hear)* evidence that, before *(he)(she)* testified in this trial,

*(name)* made statements that were the same as, or similar to, what *(he)(she)* said in the courtroom.

You may consider evidence of this statement in determining the facts of this case. In addition, this

evidence may help you decide whether you believe *(name)*'s testimony. If *(name)* said essentially

the same thing before trial, it may be reason for you to believe *(name)*'s testimony in court.

_____

Third Circuit Model Criminal Jury Instructions, No. 2.15 (2024).

**GOV'T'S REQUEST NO. 33**
**Defendant's Choice not to Testify or Present Evidence**

Defendant(s) *[name(s)]* did not testify *(did not present evidence)* in this case. A defendant has an absolute constitutional right not to testify *(or to present any evidence)*. The burden of proof remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent. You must not attach any significance to the fact that a defendant did not testify. You must not draw any adverse inference against a defendant because he did not take the witness stand. Do not consider, for any reason at all, the fact that defendant(s) *[name(s)]* did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.27 (2024).

**GOV'T'S REQUEST NO. 34**
**Defendant's Testimony**

In a criminal case, a defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, defendant(s) *[name(s)]* testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.28 (2024).

**Defendant's Character Evidence**

You have heard *(reputation)(opinion)(reputation and opinion)* evidence about whether the defendant has a character trait for *(name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.)*.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charge*(s)* beyond a reasonable doubt.

_____

Third Circuit Model Criminal Jury Instructions, No. 4.39 (2024).

**GOV'T'S REQUEST NO. 36**
**Nature of the Indictment**

As you know, the defendants, Hassan Elliott, Khalif Sears, Kelvin Jimenez and

Dominique Parker are charged in the superseding indictment with violating federal law. As I

explained at the beginning of trial, an indictment is just the formal way of specifying the exact

crimes the defendant is accused of committing. An indictment is simply a description of the

charges against a defendant. It is an accusation only. An indictment is not evidence of anything,

and you should not give any weight to the fact that the defendant has been indicted in making

your decision in this case.

The superseding indictment consists of 31 Counts.

Count 1 charges Hassan Elliott, Khalif Sears, Kelvin Jimenez and Dominique Parker with

conspiracy to participate in a racketeering enterprise.

Count 2 charges Hassan Elliott, Khalif Sears, Kelvin Jimenez and Dominique Parker with

Conspiracy to distribute controlled substances.

Count 3 charges Hassan Elliott and Kelvin Jimenez with murder in aid of racketeering.

Counts 4 and 5 charge Hasson Elliott and Kelvin Jimenez with assault with a dangerous

weapon in aid of racketeering.

Count 6 charges Hassan Elliott and Kelvin Jimenez Hassan Elliott and Kelvin Jimenez

with causing death through the use of a firearm during and in relation to a crime of violence.

Counts 7 and 8 charge Hassan Elliott with assault with a dangerous weapon in aid of

racketeering.

Count 9 charges Hassan Elliott with carrying and using a firearm during and in relation to

a crime of violence.

Count 10 charges Hassan Elliott with murder in aid of racketeering.

Count 11 charges Hassan Elliott with causing death through the use of a firearm during and in relation to a crime of violence.

Count 12 charges Hassan Elliott, Kelvin Jimenez, and Dominique Parker with assault with a dangerous weapon in aid of racketeering.

Count 13 charges Hassan Elliott, Kelvin Jimenez, and Dominique Parker with carrying and using a firearm during a crime of violence.

Count 14 charges Hasson Elliott and Dominque Parker with murder in aid of racketeering.

Count 15 charges Hassan Elliott and Dominique Parker with assault with a dangerous weapon in aid of racketeering.

Count 16 charges Hassan Elliott and Dominique Parker with causing death through the use of a firearm during and in relation to a crime of violence.

Count 17 charges Hassan Elliott, Khalif Sears, and Kelvin Jimenez with assault with a dangerous weapon in aid of racketeering.

Count 18 charges Hassan Elliott, Khalif Sears, and Kelvin Jimenez with carrying and using a firearm during a crime of violence.

Count 19 charges Hassan Elliott with attempted assault with a dangerous weapon in aid of racketeering.

Count 20 charges Hassan Elliott with assault with a dangerous weapon in aid of racketeering.

Count 21 charges Hassan Elliott with carrying and using a firearm during and in relation to a crime of violence.

Count 22 charges Hassan Elliott, Khalif Sears, and Kelvin Jimenez with assault with a dangerous weapon in aid of racketeering.

Count 23 charges Hassan Elliott, Khalif Sears and Kelvin Jimenez with carrying and using a firearm during and in relation to a crime of violence.

Count 24 charges Hassan Elliott and Khalif Sears with possession with intent to distribute cocaine and marijuana.

Count 25 charges Hassan Elliott and Khalif Sears with possession of a firearm in furtherance of a drug trafficking crime.

Count 26 charges Hassan Elliott and Khalif Sears with murder in aid of racketeering.

Count 27 charges Hassan Elliott and Khalif Sears with causing death through the use of a firearm during and in relation to a drug trafficking crime.

Count 29 charges Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker with maintaining a drug-involved premises.

Count 30 charges Dominique Parker with attempted assault with a dangerous weapon in aid of racketeering.

---

Third Circuit Model Criminal Jury Instructions, No. 3.07 (2024).

**"On or About"**

You will note that the superseding indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.08 (2024).

**Venue**

The superseding indictment alleges that some act in furtherance of the offense charged occurred here in the Eastern District of Pennsylvania. There is no requirement that the entire conspiracy take place here in the Eastern District of Pennsylvania. But for you to return a guilty verdict, the government must convince you that either the agreement or one of the overt acts took place here in the Eastern District of Pennsylvania.

Unlike all the elements that I will describe, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy charged took place here.

Remember that the government must prove all the elements I will describe beyond a reasonable doubt.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.09 (2024).

**Separate Consideration – Multiple Defendants Charged with Different Offenses**

As I just explained, the defendants, Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker, are charged with similar offenses. They are also charged with different offenses. I now want to emphasize several things.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant for each offense. For each defendant and each offense, you must decide whether the government has proved beyond a reasonable doubt that a particular defendant is guilty of a particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses. Each offense and each defendant should be considered separately.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.15 (2024).

You are here to determine whether the government has proven the guilt of the defendants for the charges in the superseding indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of a defendant for the crimes charged in the superseding indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find that defendant not guilty.

_____

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, §12.11 (6th ed. 2010).

**GOV'T'S REQUEST NO. 41**
**Proof of Required Mental States**

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, a defendant's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine a defendant's state of mind at a particular time, you may consider evidence about what a defendant said, what a defendant did and failed to do, how a defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in a defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker's state of mind.

You may also consider the natural and probable results or consequences of any acts a defendant knowingly did, and whether it is reasonable to conclude that a defendant intended those results or consequences. You may find, but you are not required to find, that a defendant knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in a defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that a defendant did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

_____

Third Circuit Model Criminal Jury Instructions, No. 5.01 (2024).

Several offenses charged in the superseding indictment require that the government prove

that Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker acted "knowingly" with

respect to the elements of the offense. A person acts "knowingly" if that person acts voluntarily

and intentionally and not because of mistake or accident or other innocent reason.  This means

that the government must prove beyond a reasonable doubt that a defendant was conscious and

aware of the nature of his actions and of the surrounding facts and circumstances, as specified in

the definition of the offense charged.

In deciding whether Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker

acted "knowingly," you may consider evidence about what a defendant said, what a defendant

did and failed to do, how a defendant acted, and all the other facts and circumstances shown by

the evidence that may prove what was in a defendant's mind at that time.

The government is not required to prove that a defendant knew his acts were against the

law.

_____

Third Circuit Model Criminal Jury Instructions, No. 5.02 (2024).

Several offenses charged in the superseding indictment require that the government prove that Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker acted "intentionally" with respect to an element of the offense.  This means that the government must prove beyond a reasonable doubt either that (1) it was Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) a defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker acted "intentionally,"  you may consider evidence about what a defendant said, what a defendant did and failed to do, how a defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in a defendant's mind at that time.

_____

Third Circuit Model Criminal Jury Instructions, No. 5.03 (2024).

Motive is not an element of the offenses with which Hassan Elliott, Khalif Sears, Kelvin Jimenez, and Dominque Parker are charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that a defendant is guilty and proof of good motive alone does not establish that a defendant is not guilty. Evidence of a defendant's motive may, however, help you find a defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

_____

Third Circuit Model Criminal Jury Instructions, No. 5.04 (2024).

## GOV'T'S REQUEST NO. 45
## RICO Conspiracy - Elements of the Offense (18 U.S.C. § 1962(d))

Count One of the superseding indictment charges that from in or about June 2017 to in or about May 2021, defendants Hassan Elliott, Khalif Sears, Kelvin Jimenez and Dominique Parker knowingly conspired and agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, as I will shortly explain to you. In order to convict a defendant of Count One, the government must prove each defendant knowingly agreed that a conspirator, which may include the defendant himself, would commit a violation of 18 U.S.C. § 1962(c). Hassan Elliott, Khalif Sears, Kelvin Jimenez and Dominique Parker agreed or conspired with one or more other person(s) to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity.

Count One of the superseding indictment charges that the defendants Hassan Elliott, Khalif Sears, Kelvin Jimenez and Dominique Parker, agreed or conspired with one or more other persons to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find a defendant guilty of conspiracy to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

First: That two or more persons agreed to conduct or to participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity;

Second: That the defendant was a party to or members of that agreement; and

Third: That the defendant joined the agreement or conspiracy knowing of its objective to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that one of the defendants and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objective of conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity.

~~The meanings of the elements "enterprise," "employed by or associated with," "conduct or participate, directly or indirectly, in the conduct of that enterprise's affairs," and "through a pattern of racketeering activity" are the same as I have just explained to you with respect to the RICO offense charged in Count (no.). However, the RICO conspiracy charged in Count (no.) is a distinct offense from the RICO offense charged in Count (no.). There are several important differences between these offenses.~~

In order to find (the defendant) guilty of the RICO conspiracy charged in Count One the government is not required to prove that the alleged enterprise actually existed, or that the enterprise actually engaged in or its activities actually affected interstate or foreign commerce. Rather, because an agreement to commit a RICO offense is the essence of a RICO conspiracy, the government need only prove that (the defendant) joined the conspiracy and that if the object of the conspiracy was achieved, the enterprise would be established and the enterprise would be engaged in or its activities would affect interstate or foreign commerce.

~~Similarly, unlike the requirements to find (name) guilty of the RICO offense, in order to find (name) guilty of the RICO conspiracy charged in Count (No.)~~ The government is not required to prove that (the defendant) was actually employed by or associated with the enterprise, or that (the defendant) agreed to be employed by or to be associated with the enterprise. Nor does the RICO conspiracy charge require the government to prove that (the defendant) personally

participated in the operation or management of the enterprise, or agreed to personally participate in the operation or management of the enterprise. Rather, you may find (the defendant) guilty of the RICO conspiracy offense if the evidence establishes that (the defendant) knowingly agreed to facilitate or further a scheme which, if completed, would constitute a RICO violation involving at least one other conspirator who would be employed by or associated with the enterprise and who would participate in the operation or management of the enterprise.

In order to find the defendant guilty of the RICO conspiracy charged in Count One the government is not required to prove that the alleged enterprise actually existed, or that the enterprise actually engaged in or its activities actually affected interstate or foreign commerce. Rather, because an agreement to commit a RICO offense is the essence of a RICO conspiracy, the government need only prove that the defendant joined the conspiracy and that if the object of the conspiracy was achieved, the enterprise would be established and the enterprise would be engaged in or its activities would affect interstate or foreign commerce.

Similarly, in order to find the defendant guilty of the RICO conspiracy charged in Count One the government is not required to prove that the defendant was actually employed by or associated with the enterprise, or that they agreed to be employed by or to be associated with the enterprise. Nor does the RICO conspiracy charge require the government to prove that the defendants personally participated in the operation or management of the enterprise, or agreed to personally participate in the operation or management of the enterprise. Rather, you may find the defendants guilty of the RICO conspiracy offense if the evidence establishes that they knowingly agreed to facilitate or further a scheme which, if completed, would constitute a RICO violation involving at least one other conspirator who would be employed by or associated with the enterprise and who would participate in the operation or management of the enterprise.

Finally, in order to find the defendant guilty of the RICO conspiracy charged in Count One the government is not required to prove that they personally committed or agreed to personally commit any act of racketeering activity. Indeed, it is not necessary for you to find that the objective or purpose of the conspiracy was achieved at all. However, the evidence must establish that the defendant knowingly agreed to facilitate or further a scheme which, if completed, would include a pattern of racketeering activity committed by at least one other conspirator.

In short, to find the defendant guilty of the RICO conspiracy charged in Count One of the superseding indictment, you must find that the government proved beyond a reasonable doubt that the defendant joined in an agreement or conspiracy with another person or persons, knowing that the objective or purpose was to conduct or to participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, and intending to join with the other person or persons to achieve that objective.

The indictment need not specify the predicate racketeering acts that a defendant agreed would be committed by some member of the conspiracy in the conduct of the affairs of the enterprise. The superseding indictment alleges that the defendant agreed that multiple racketeering acts would be committed. You are not limited to considering only the specific racketeering acts alleged in the superseding indictment. Rather, you may also consider the evidence presented of other racketeering acts committed or agreed to be committed by any co-conspirator in furtherance of the enterprise's affairs, including racketeering acts for which the defendant is not charged in the superseding indictment, to determine whether the defendant agreed that at least one member of the conspiracy would commit two or more racketeering acts.

To convict a defendant of the RICO conspiracy charged in Count One, you must unanimously find that the defendant agreed that at least one member of the conspiracy would

58

commit at least two acts of racketeering activity.

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962D (2024) (modified).

**Conspiracy- Existence of an Agreement**

I will now instruct you on some general principles applicable to the law of conspiracy. These Principles apply to the RICO conspiracy charged in Count One and the conspiracy to distribute controlled substances charged in Count Two.

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to participate in a racketeering enterprise.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances

surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

———————————————

Third Circuit Model Criminal Jury Instructions, No. 6.18.371C (2021).

**Conspiracy- Membership in the Agreement**

If you find that a criminal agreement or conspiracy existed, then in order to find a defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that a defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that a defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward those goal or objectives.

The government need not prove that a defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that a defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether a defendant joined the conspiracy, knew of its criminal objectives, and intended to further the objectives. Evidence which shows that a defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

Third Circuit Model Criminal Jury Instructions, No. 6.18.371D (2021).

**GOV'T'S REQUEST NO. 48**
**Conspiracy- Mental States**

In order to find a defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that a defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove: (1) that the defendant knew of the objective(s) or goal(s) of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal(s) or objective(s), and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective(s) or goal(s).

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. [For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective(s) might tend to show that the defendant had the required intent or purpose that the conspiracy's objective(s) be achieved.]

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.371E (2021).

**GOV'T'S REQUEST NO. 49**
**Conspiracy- Success Immaterial**

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find a defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

———————————————

Third Circuit Model Criminal Jury Instructions, No. 6.18.371G (2021).

**Conspiracy- Duration**

       A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it.  However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn.  A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time.  Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.371I (2021).

**GOV'T'S REQUEST NO. 51**
**Conspiracy- Acts and Statements of Co-Conspirators**

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendant, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.371K (2021).

**Agreement to Commit a RICO Offense**

As I previously stated, the agreement to commit a RICO offense is the essential aspect of a

RICO conspiracy offense.

The jury may find that a defendant has entered into the requisite agreement to violate

RICO when the government has proven beyond a reasonable doubt that the defendant agreed with

at least one other co-conspirator that at least two racketeering acts of the type or types of

racketeering activity listed in the indictment would be committed by a member of the conspiracy

in the conduct of the affairs of the enterprise.  The government is not required to prove that the

defendant personally committed two racketeering acts, or that he agreed to personally commit two

racketeering acts.  Rather, it is sufficient if the government proves beyond a reasonable doubt that

the defendant agreed to participate in the enterprise with the knowledge and intent that at least one

member of the RICO conspiracy, who could be, but need not be, the defendant himself, would

commit at least two racketeering acts in the conduct of affairs of the enterprise.

Furthermore, to establish the requisite conspiratorial agreement, the government is not

required to prove that each co-conspirator explicitly agreed with every other co-conspirator to

violate section 1962(c), knew all his fellow conspirators, or was aware of all of the details of the

conspiracy.  Rather, to establish sufficient knowledge, it is only required that the defendant knew

the general nature and common purpose of the conspiracy and that the conspiracy extended

beyond his individual role.  Moreover, the elements of a RICO conspiracy, such as the

conspiratorial agreement, the defendant's knowledge of it, and the defendant's participation in the

conspiracy, may be inferred from circumstantial evidence.  For example, when the evidence

establishes that the defendant and at least one other conspirator committed several racketeering

acts in furtherance of the charged enterprise's affairs, you may infer the existence of the requisite

agreement to commit a RICO offense.   However, you must determine whether, based on the entirety of the evidence, the government has proven that the defendant entered into the required conspiratorial agreement.

Furthermore, it is not necessary that the government prove that a particular defendant was a member of the conspiracy from its beginning.  Different persons may become members of the conspiracy at different times.

If you find that there is a conspiracy, you may consider the acts and statements of any other member of the conspiracy during and in the furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it.  When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator during the existence of, and in furtherance of, the conspiracy is considered the act or statement of all the other conspirators and is evidence against them all.

Moreover, a defendant may be convicted as a conspirator even though he or she plays a minor role in the conspiracy, provided that you find beyond a reasonable doubt that the conspiracy existed and that the defendant knowingly participated in the conspiracy with the intent to accomplish its objectives or assist other conspirators in accomplishing its objectives.

---

Seventh Circuit Pattern Jury Instructions (1999 ed.); Eleventh Circuit Pattern Jury Instructions § 71.2 (2003 ed.); *Salinas v. United States*, 522 U.S. 52, 62-65 (1997); *United States v. Lawson*, 535 F.3d 434, 445 (6th Cir. 2008); *United States v. Useni*, 516 F.3d 634, 646 (7th Cir. 2008); *United States v. Ashman*, 979 F.2d 469, 492 (7th Cir. 1992); *United States v. Crockett*, 979 F.2d 1204, 1208-09 (7th Cir. 1992); *United States v. Melton*, 689 F.2d 679, 683 (7th Cir. 1982); *United States v. Quinones*, 511 F.3d 289, 316 (2d Cir. 2007); *United States v. Browne*, 505 F.3d 1229, 1265 (11th Cir. 2007); *United States v. Smith*, 413 F.3d 1253, 1272-73 (10th Cir. 2005); *United States v. Saadey*, 393 F.3d 669, 676 (6th Cir. 2005); *United States v. Pipkins*, 378 F.3d 1281, 1288 (11th Cir. 2004); *United States v. Lee*, 374 F.3d 637, 646-47 (8th Cir. 2004); *United States v. Harriston*, 329 F.3d 779, 785 (11th Cir. 2003); *United States v. Ciccone*, 312 F.3d 535, 542 (2d Cir. 2002); *United States v. Abbell*, 271 F.3d 1286, 1299 (11th Cir. 2001); *United States v. Nguyen*, 255 F.3d 1335, 1341 (11th Cir. 2001); *United States v. Zichettello*, 208 F.3d 72, 100 (2d Cir. 2000); *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998); *United States v. To*, 144 F.3d 737, 744 (11th Cir. 1998); United States v. Starrett, 55 F.3d 1525, 1543-44 (11th Cir.

1995); *United States v. Quintanilla*, 2 F.3d 1469, 1484 (7th Cir. 1993); *United States v. Eufrasio*, 935 F.2d 553, 577 (3d Cir. 1991); *United States v. Rastelli*, 870 F.2d 822, 825 (2d Cir. 1989); *United States v. Neapolitan*, 791 F.2d 489, 498 (7th Cir. 1986); *United States v. Elliot*, 571 F.2d 880, 903-04 (5th Cir. 1978); *United States v. Carlock*, 806 F.2d 535, 547 (5th Cir. 1986); *United States v. Sutherland*, 656 F.2d 1181, 1187 n.4 (5th Cir. 1981).

**RICO—Meaning of Terms**

As I instructed you earlier, the objectives of the racketeering conspiracy charged in Count One were to violate 18 U.S.C. § 1962(c) by participating in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity.

I will now explain to you the meanings of the terms "enterprise," "associated with," "conduct or participate, directly or indirectly, in the conduct of that enterprise's affairs," and "through a pattern of racketeering activity."

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962D (2024) (modified by underline).

**"Enterprise" Defined Generally**

~~The first element that the government must prove beyond a reasonable doubt for the~~ ~~offense charged in Count (no.) is the existence of an "enterprise," as alleged in the indictment.~~ An enterprise may be: (1) a legal entity, such as a corporation or partnership; or (2) a union or group of individuals associated in fact although not a legal entity. In this case, the enterprise alleged in the superseding indictment is <u>"Scattergood 1700," also known as "SG1700."</u>

The term enterprise includes both legitimate enterprises and also illegitimate or completely illegal enterprises. Thus, the enterprise need not have a purpose other than the commission of or facilitating the commission of the racketeering activity alleged in the indictment.

[Although the government must prove that the defendant was employed by or associated with the enterprise, the enterprise must itself be an entity separate and distinct from the defendant.]

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962C-1 (2024) (modified).

**"Enterprise" Association in Fact Defined**

The superseding indictment alleges that the enterprise in this case was a group of individuals associated together in fact although not itself a legal entity. In this case, the enterprise alleged in the superseding indictment is "1700 Scattergood" or "SG1700."

As I already told you, an enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals. A group or association of individuals can be an enterprise if they have associated together for a common purpose of engaging in a course of conduct. This is referred to as an "association in fact enterprise."

In order to find the existence of an "association in fact enterprise," you must find that the government proved beyond a reasonable doubt each of the following:

First: That the group had a purpose and longevity sufficient for the members of the group to pursue its purpose;

Second: That the group had an ongoing organization, formal or informal, with some sort of framework for carrying out its objectives;

Third: That there was a relationship among the members of the group and that the members of the group functioned as a continuing unit to achieve a common purpose; and

Fourth: That the enterprise existed separate and apart from the alleged pattern of racketeering activity.

To find that the enterprise was an entity separate and apart from the alleged pattern of racketeering activity, you must find that the government proved that the enterprise had an existence beyond what was necessary merely to commit the charged racketeering activity. However, the government does not have to prove that the enterprise had some function wholly unrelated to the racketeering activity; the enterprise may be formed solely for the purpose of carrying out a pattern of racketeering activity. The existence of an association-in-fact enterprise

is often proved by what it does, rather than by abstract analysis of its structure.  Evidence that shows a pattern of racketeering activity may be considered in determining whether the government has proved the existence of an enterprise beyond a reasonable doubt, and proof of a pattern of racketeering activity may be sufficient for you to infer the existence of an association-in-fact enterprise.  Also, evidence showing the oversight or coordination of the commission of several different racketeering acts and other activities on an ongoing basis may be considered in determining whether the enterprise had a separate existence.

To prove an association-in-fact enterprise, the government need not prove that the group had a hierarchical structure or a chain of command; decisions may be made on an ad hoc basis and by any number of methods.  The government also need not prove that members of the group had fixed roles; different members may perform different roles at different times.  The government need not prove that the group was a business-like entity, or that it had a name, or regular meetings, or established rules and regulations, or the like.  An enterprise is also not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962C-2 (2024).

**"Engaged In, or the Activities of Which Affect, Interstate or Foreign Commerce" Defined**

The government must establish that the enterprise was engaged in, or its activities affected, interstate or foreign commerce, i.e. trade, business, or travel between two or more states or between a state and a foreign country.

An enterprise is engaged in interstate or foreign commerce when it is itself directly engaged in the production, distribution, or acquisition of services, money, goods, or other property in interstate or foreign commerce.

Alternatively, an enterprise's activities affected interstate or foreign commerce if its activities in any way interfered with, changed, or altered the movement or transportation or flow of goods, merchandise, money, or other property between or among two or more states or between a state and a foreign country. The government must prove that the enterprise's activities had some effect on commerce, no matter how minimal or slight. The government need not prove that the defendant knew that the enterprise would engage in, or that the enterprise's activities would affect, interstate or foreign commerce. The government also need not prove that the defendant intended to obstruct, delay or interfere with interstate or foreign commerce, or that the purpose of the alleged crime generally was to affect interstate or foreign commerce.

In addition, the government does not have to prove that the pattern or the individual acts of racketeering activity themselves affected interstate or foreign commerce. Rather, it is the enterprise and its activities considered as a whole that must be shown to have that effect. On the other hand, this effect on interstate or foreign commerce may be established through the effect caused by the pattern or the individual acts of racketeering activity.

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962C-3 (2024).

**"Associated With or Employed by the Enterprise"- Defined**

~~The third element that the government must prove beyond a reasonable doubt for the~~ ~~offense charged in Count (no. 1) is that the defendant was either "employed by" or "associated~~ ~~with" the enterprise. The government need not prove both.~~

~~If you find that the defendant was employed by the enterprise, that is enough to satisfy this~~ ~~element.~~ You should give the phrase "employed by" its common, ordinary meaning. For example, a person is employed by an enterprise when he or she is on the payroll of the enterprise, or performs services for the enterprise, or holds a position in the enterprise.

Alternatively, you may find that the defendant was "associated with" the enterprise, if you find that the government proved that he was aware of the general existence and nature of the enterprise, that it extended beyond his individual role, and with that awareness participated in, aided, or furthered the enterprise's activities.

It is not required that the defendant be employed by or associated with the enterprise for the entire time the enterprise existed. The government also is not required to prove that the defendant had a formal or managerial position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. What the government must prove beyond a reasonable doubt is that at some time during the existence of the enterprise as alleged in the superseding indictment, the defendant was employed by or associated with the enterprise within the meaning of those terms as I have just explained.

To prove that the defendant was either employed by or associated with an enterprise, the government must prove beyond a reasonable doubt that the defendant was connected to the

enterprise in some meaningful way, and that a conspirator knew of the existence of the enterprise

and of the general nature of its activities.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962C-4 (2024) (modified).

**"Conduct or Participate, Directly or Indirectly, in the Conduct of Such Enterprise's Affairs" - Defined**

~~The fourth element that the government must prove beyond a reasonable doubt for the offense charged in Count *(no.)* is that *(name)* knowingly conducted the affairs of the enterprise or that *(he) (she)* knowingly participated, directly or indirectly, in the conduct of the affairs of the enterprise.  In order to prove this element, the government must prove a connection between *(name)* and the conduct of the affairs of the enterprise.  The government must prove that *(name)* took some part in the operation or management of the enterprise or that *(he) (she)* had some role in directing the enterprise's affairs.~~

<u>Another term I must define for you for the RICO conspiracy charged in Count One is what is meant by the phrase to "conduct or participate, directly or indirectly, in the conduct of a RICO enterprise's affairs."  Such conduct would occur if an individual knowingly conducted the affairs of the enterprise or that he knowingly participated, directly or indirectly, in the conduct of the affairs of the enterprise and that the defendant took some part in the operation or management of the enterprise or had some role in directing the enterprise's affairs.</u>

Evidence that the defendant held a managerial position within the enterprise or exerted control over the enterprise's operations is enough to prove this element, but is not required.  You may find that the defendant participated, directly or indirectly, in the conduct of the affairs of the enterprise if you find that he was a lower level participant who acted under the direction of upper management, knowingly furthering the aims of the enterprise by implementing management decisions or carrying out the instructions of those in control, or that the defendant knowingly performed acts, functions, or duties that were necessary to, or helpful in, the operation of the

enterprise.

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962C-5 (2024) (modified).

**"Through a Pattern of Racketeering Activity" - Defined**

In order to prove RICO conspiracy, the government must prove that the defendant agreed that a conspirator, which could be the defendant himself or any other conspirator, would commit a pattern of racketeering activity.

A "pattern of racketeering activity" is defined as follows:

First:    That the defendant agreed that a conspirator would commit at least two of the acts of racketeering activity alleged in the indictment and that the last act of racketeering activity occurred within ten years after the commission of a previous act of racketeering activity;

Second:    That the acts of racketeering activity were related to each other, meaning that there was a relationship between or among the acts of racketeering activity;

Third:    That the acts of racketeering activity amounted to or posed a threat of continued criminal activity; and

Fourth:    That the defendant agreed that a conspirator would conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs "through" the pattern of racketeering activity.

With respect to the second requirement, acts of racketeering activity are "related" if the acts had the same or similar purposes, results, participants, victims or methods of commission, or were otherwise interrelated by distinguishing characteristics. Crimes can be interrelated by distinguishing characteristics when they are committed pursuant to the orders of key members of

the enterprise in furtherance of its affairs.  Racketeering activities of criminal enterprises can be quite diverse.   Acts of racketeering activity are not related if they are disconnected, sporadic, or widely separated and isolated acts.  Two racketeering acts may be related even though they are dissimilar or not directly "related to each other," provided that the racketeering acts are related to the same enterprise.

As to the third requirement, the government must prove that the racketeering acts themselves amounted to continuing racketeering activity or that the acts otherwise posed a threat of continuing racketeering activity.  Continuing racketeering activity may proved by evidence showing a closed period of repeated racketeering activity; that is, by evidence of a series of related racketeering acts committed over a substantial period of time.  Acts of racketeering activity committed over only a few weeks or months and which do not threaten future criminal conduct do not satisfy this requirement.  Continuing racketeering activity or a threat of continuing racketeering activity may be shown by evidence showing past racketeering activity that by its nature projects into the future with a threat of repetition; for example, when the acts of racketeering activity are part of a long-term association that exists for criminal purposes or when the acts of racketeering activity are shown to be the regular way of conducting the affairs of the enterprise.

In deciding whether the government proved a pattern of racketeering activity, You may consider evidence regarding the number of acts of racketeering activity, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of perpetrators, and the character of the unlawful activity.

You may find that separately performed, functionally different, or directly unrelated acts of racketeering activity form a pattern of racketeering activity if you find that the government proved beyond a reasonable doubt that they were all undertaken in furtherance of

one or another of the purposes of the enterprise.

To prove the fourth requirement, that a defendant agreed that a coconspirator would conduct or participate in the conduct of the enterprise's affairs *"through"* a pattern of racketeering activity, the government must prove that the acts of racketeering activity had a relationship or a meaningful connection to the enterprise. This relationship or connection may be established by evidence that the defendant or coconspirator was enabled to commit the racketeering activity by virtue of his position with or involvement in the affairs of the enterprise, or by evidence that the defendant's or coconspirator's position with or involvement in the enterprise facilitated his commission of the racketeering activity, or by evidence that the racketeering activity benefitted the enterprise, was authorized by the enterprise, promoted or furthered the purposes of the enterprise, or was in some other way related to the affairs of the enterprise.

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962C-6 (2024) (modified as underlined); *United States v. Bergrin*, 650 F.3d 257 (3d Cir. 2011); *United States v. Pungitore*, 910 F.2d 1084 (3d Cir. 1990).

**GOV'T'S REQUEST NO. 60**
**"Racketeering Activity" - Defined**

"Racketeering activity," as defined by the RICO statute, includes any acts that involve or that may be charged as any of a wide range of crimes under state or federal law. Count One alleges that <u>the defendants agreed that multiple acts of racketeering activity consisting of the following types of crimes would be committed:</u>

      1.      the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances , in violation of Title 21, United States Code, Sections 846 and 841(a)(1); and

      2.      multiple acts involving murder, chargeable under Title 18, Pennsylvania Consolidated Statutes Annotated, Sections 2502, 901 (attempt), and 903 (Criminal conspiracy), of the laws of the Commonwealth of Pennsylvania.

<u>I will explain the elements of these crimes to you later.</u>

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.1962C-7 (2024).

**Counts 3, 4, 5, 7, 8, 10, 12, 14, 15, 17, 19, 20, 22, 26, and 30- Violent Crime in Aid of Racketeering—the Superseding Indictment and the Statute**

The superseding indictment charges the defendants with committing a violent crime in aid of racketeering.

The defendants are charged with violating section 1959 of Title 18 of the United States Code. That section reads as follows:

Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires to do so [is guilty of a crime].

_____

3 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 52-34 (2024) (unmodified).

**Counts 3, 4, 5, 7, 8, 10, 12, 14, 15, 17, 19, 20, 22, 26, and 30- Violent Crime in Aid of
Racketeering— Prejudice From the Word "Racketeering"**

The word "racketeering" has certain implications in our society.  Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven. The term is only a term used by Congress to describe the statute.

_____

3 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 52-35 (2024) (unmodified).

**Violent Crimes in Aid of Racketeering – Elements of the Offense (18 U.S.C. § 1959)**

In order to prove that the defendant violated section 1959, the Government must establish beyond a reasonable doubt each one of the following five elements of the offense:

First: That an enterprise affecting interstate commerce existed;

Second: That the enterprise was engaged in racketeering activity;

Third: That the defendant had (*or* were seeking) a position in the enterprise;

Fourth: That the defendant committed the alleged crimes of violence; and

Fifth: That defendant's general purpose in committing the crime of violence was to maintain or increase his position in the enterprise (*or* in consideration for the receipt of anything of value).

---

3 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 52-36 (2024) (unmodified).

**Violent Crimes in Aid of Racketeering – "Enterprise Existed" (18 U.S.C. § 1959)**

The Government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the Government is not required to prove that any defendant knew he was affecting interstate commerce.

The first element the Government must prove beyond a reasonable doubt is that an "enterprise" existed, which was engaged in or had an effect on, interstate commerce.

An enterprise includes any legal entity, such as a partnership, corporation, or association. The Government has charged that the enterprise in this case is as follows: The Government has charged that the enterprise "1700 Scattergood" ("SG1700"), a criminal organization whose members and associates engaged in acts of violence, including murder and assault, and distribution of controlled substances, and which operated principally in the Frankford section of Philadelphia, Pennsylvania and its surrounding areas <u>as constituting the enterprise</u>. If you find that this was, in fact, a legal entity such as a partnership, corporation, or association, then you may find that an enterprise existed.

An enterprise also includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

The Government has charged the following in the superseding indictment as constituting the enterprise: four counts of murder in aid of racketeering, nine counts of assault in aid of racketeering and two counts of attempted assault in aid of racketeering.  If you find that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

To satisfy this element, the Government is also required to prove beyond a reasonable doubt that the enterprise was engaged in or had any effect on interstate commerce.

The Government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the Government is not required to prove that any defendant knew he was affecting interstate commerce.

---

3 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 52-37 (2024).

**Violent Crimes in Aid of Racketeering – "Enterprise Engaged in Racketeering Activity"**
**(18 U.S.C. § 1959)**

The second element the Government must establish beyond a reasonable doubt is that the enterprise was engaged in racketeering activity.

The superseding indictment alleges that the following acts of racketeering activity were engaged in by the enterprise:

SG1700, through its members and associates, was engaged in racketeering activity including, acts and threats involving murder, in violation of Pennsylvania law; and offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

I charge you that "racketeering activity" includes such offenses as narcotics distribution and acts of violence including murder under state law. It is for you to determine whether the enterprise engaged in these activities as charged. You should give the words "engaged in" their ordinary, everyday meaning. For an enterprise to be engaged in racketeering activity it is enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short enough under all of the circumstances so that it is appropriate to say that the enterprise was engaged in racketeering activity.

In order for the state offenses of narcotics distribution and murder to be considered as a racketeering act, the Government must prove to you beyond a reasonable doubt that the defendant committed that offense as defined by the Commonwealth of Pennsylvania. The elements of those offenses are as follows:

# Murder

## First Degree Murder

Under Pennsylvania law, first degree murder is an intentional killing.  A killing is intentional if it is committed by lying in wait, or is otherwise willful, deliberate, and premeditated.  "Willful, deliberate, and premeditated" is defined as the "conscious intent to bring about the death of the victim."  Although premeditation is required to find the defendant guilty of first degree murder, this state of mind can be formed in a fraction of a second.  When deciding whether the defendant has formed the requisite state of mind for first degree murder, you should consider all the evidence regarding his words and conduct and the attending circumstances that may show his state of mind.  For example, you may infer that the defendant possessed the requisite state of mind from evidence establishing that he lay in wait in order to kill the victim or that he aimed a deadly weapon at a vital point of the victim's body.

Under Pennsylvania law a person who commands or aids and abets another person in the commission of an offense is just as guilty as if he committed the offense entirely through his own conduct.  A person is legally accountable for the criminal conduct of another if he commands, encourages, or requests another person to engage in specific conduct which would constitute a crime or an attempt to commit that crime.  Likewise, a person is legally accountable for the conduct of another if he aids, abets, or attempts to aid such other person in planning or committing a crime.  However, to be guilty of aiding and abetting, the defendant must possess the intent to promote or facilitate the commission of the crime. [1]

---

[1] 18 Pa.C.S. § 2502; *Commonwealth v. O'Searo*, 352 A.2d 30, 35-37 (Pa. 1976); *Commonwealth v. Hobson*, 604 A.2d 717, 720 (Pa. Super. 1992).

# Attempted Murder

Under Pennsylvania law a person is guilty of attempted murder when, 1) having the same intent necessary for him to be convicted of first degree murder, 2) he does an act that constitutes a substantial step towards the commission of first degree murder. An act is a "substantial step" if it is a major step toward the commission of the crime and also strongly corroborates the jury's belief that the person, at the time he did the act, had a firm intent to commit the crime.[2]

To attempt an offense means willfully to do some act in an effort to bring about or accomplish something the law forbids. In order to establish an attempt, the government must have proven an act by the particular defendant that constituted a substantial step in furtherance of the crime that was strongly corroborative of the defendant's criminal purpose. Acts such as 1) lying in wait, searching for or following the contemplated victim of the crime; 2) the solicitation of another person to commit a murder; 3) delivering a murder weapon to the solicited killer; or 4) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose under the circumstances, may constitute a substantial step toward the commission of murder.[3]

Under Pennsylvania law a person who commands or aids and abets another person in the commission of an offense is just as guilty as if he committed the offense entirely through his

---

[2] 18 Pa.C.S. § 901; Commonwealth v. Hobson, 604 A.2d 717, 719 (Pa. Super. 1992).

[3] UNIFORM LAWS ANNOTATED MODEL PENAL CODE PART I. GENERAL PROVISIONS ARTICLE 5. INCHOATE CRIMES § 5.01 (1) & (2). Criminal Attempt. United States v. Rovetuso, 768 F.2d 809, 822 (7th Cir. 1985), cert. denied, 474 U.S. 1076 (1986); Commonwealth v. Hobson, 604 A.2d 717 (Pa. Super. 1992) 604 A.2d 717, 413 Pa.Super. 29; Commonwealth v. Ford, 1983, 461 A.2d 1281 (Pa. Super. 1983), Commonwealth v. Trignani, 483 A.2d 862, 870 (Pa. Super. 1984) Commonwealth. v. Fuller, 579 A.2d 879, 884 (Pa. Super. 1990), appeal denied, 588 A.2d 508 (Pa. 1991).

own conduct. A person is legally accountable for the criminal conduct of another if he commands, encourages, or requests another person to engage in specific conduct which would constitute a crime or an attempt to commit that crime. Likewise, a person is legally accountable for the conduct of another if he aids, abets, or attempts to aid such other person in planning or committing a crime. However, to be guilty of aiding and abetting, the defendant must possess the intent to promote or facilitate the commission of the crime.[4]

## Aggravated Assault

To find the defendant guilty of aggravated assault, you must find the following elements have been proven beyond a reasonable doubt:

First, the defendant caused or attempted to cause bodily injury to the victim;

Second, the defendant used a deadly weapon; and

Third, the defendant's conduct was intentional.

"Bodily injury" means impairment of physical condition or substantial pain. A "deadly weapon" is any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury.[5]

The second element the Government must establish beyond a reasonable doubt is that the enterprise was engaged in racketeering activity.

The superseding indictment alleges that the following acts of racketeering activity were engaged in by the enterprise: murder, assault and attempted assault.

---

3 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 52-38 (2024) (unmodified).

[4] 18 Pa.C.S. §§ 306(a), (b)(3), and (c) and 902(a).

[5] Pennsylvania Suggested Standard Criminal Jury Instructions, 15.2702E and F.

**GOV'T'S REQUEST NO. 66**

**Violent Crimes in Aid of Racketeering – "Position in the Enterprise" (18 U.S.C. § 1959)**

The third element the Government must establish beyond a reasonable doubt is that defendant had (*or* was seeking) a position in the enterprise.

To establish this element the Government must prove that defendant was actively engaged in promoting the illegal activities of the enterprise. It is not enough to prove that defendant was doing business with the enterprise; the Government must prove that he was actually a member of the enterprise.

_____

3 L. Sand, et al., Modern Federal Jury Instructions - Criminal, Instruction No. 52-39 (2024) (unmodified).

**Violent Crimes in Aid of Racketeering – "Defendant Committed Crime of Violence" (18 U.S.C. § 1959)**

The fourth element the Government must establish beyond a reasonable doubt is that defendant committed murder, assault, and attempted assault. I have just instructed you on the elements of the crime of murder. I will now instruct you on the crime of assault with a deadly weapon as it is defined under Pennsylvania law in Title 18, Pennsylvania Consolidated Statues Annotated, Section 2702(a)(4).

**Aggravated Assault**

(a) **Offense defined—** A person is guilty of aggravated assault if he:

(4) attempts to cause or intentionally or knowingly causes bodily injury with a deadly weapon.

<u>Attempted Bodily Injury With a Deadly Weapon</u>

To find the defendant guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt:

*First*, that the defendant attempted to cause bodily injury to *the victim*. Bodily injury means impairment of physical condition or substantial pain.

In order to find that the defendant attempted to do this, you must find that [he] [she] engaged in conduct that constituted a substantial step toward causing bodily injury to *[name of victim]*;

*Second*, that the defendant used a deadly weapon in the attempt. A deadly weapon is any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality that, in the manner in which it is used or intended to be used, is calculated or likely to produce death or

serious bodily injury; and

> *Third*, that the defendant's conduct in this regard was intentional; in other words, that it was [his] [her] conscious object or purpose to cause such bodily injury.

It is important that you understand how these elements relate to each other in  order to assess whether they have each been proven beyond a reasonable doubt. In proving this count of aggravated assault, the Commonwealth need not prove that bodily injury was actually inflicted on the alleged victim. The Commonwealth must prove, however, that the defendant took an action, that is, a substantial step, of such a nature that there is no reasonable doubt but that it was [his] [her] conscious object or purpose to cause such injury to the alleged victim.

To make this determination, you may find it useful to ask why the alleged victim did not actually suffer bodily injury as a result of this incident. If you find that such injury did not occur only because of something outside the control of the defendant [such as the intervention of a third party to stop the attack, the ability of the alleged victim to avoid the full brunt of the attack, or the prompt administration of medical attention that prevented the injuries from developing into the kind that would meet the definition of bodily injury], then you may consider that as evidence as to whether the defendant's substantial step was done with the intent necessary to support a verdict of guilty on this count.

However, any particular action by a defendant, although serious [such as pointing a loaded weapon at another], is not, in and of itself, sufficient evidence from which you may find that he or she intended to cause bodily injury. This is so because any such action may also be evidence of some less serious outcome the defendant actually intended, such as simply to scare the alleged victim or to cause only some less serious injury.

It is only when, after consideration of all of the evidence, that you conclude beyond a

reasonable doubt that the defendant's action was a substantial step in a chain of events [he] [she] consciously set in motion with [his] [her] intended result being that the alleged victim would actually suffer bodily injury because of the defendant's use of a deadly weapon, that you may find [him] [her] guilty of this count. Otherwise, you must find the defendant not guilty of aggravated assault. [6]

Causing Bodily Injury with a Deadly Weapon

To find the defendant guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt:

*First*, that the defendant caused bodily injury to another.  Bodily injury means impairment of physical condition or substantial pain.

*Second*, that the defendant acted intentionally or knowingly.

A person acts intentionally with respect to bodily injury when it is his or her conscious object or purpose to cause such injury.

A person acts knowingly with respect to bodily injury when he or she is aware that it is practically certain that his or her conduct will cause such a result; and

*Third*, that the defendant caused such injury with a

deadly weapon.  A deadly weapon is any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality that, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.[7]

---

3 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 52-40 (2024)

---

[6] Pennsylvania Suggested Standard Criminal Jury Instructions, 15.2702E.
[7] Pennsylvania Suggested Standard Criminal Jury Instructions, 15.2702E.

(unmodified).

GOV'T'S REQUEST NO. 68

**GOV'T'S REQUEST NO. 68**

**Violent Crimes in Aid of Racketeering – "Purpose to Maintain or Increase Position in Enterprise" (18 U.S.C. § 1959)**

The fifth element the Government must establish beyond a reasonable doubt is that defendant's general purpose in committing the murder, assault or attempted assault was to maintain or increase his position in (*or* to gain entrance to) the enterprise.

The Government is required to prove that defendant's general purpose was to maintain or increase his position in the enterprise. The Government is not required to prove that it was defendant's sole or principal motive.

In determining whether a defendant's purpose in committing the [crime of violence] was to maintain or increase his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination.

For example, you may consider evidence that the crime, if proved, was committed in order to maintain discipline within the enterprise and served to maintain the defendant's position in the enterprise. If the defendant committed the crime because he knew it was expected of him by reason of his membership in the enterprise, or if he committed the crime because he thought it would enhance his position or prestige within the enterprise, or if he committed it because he thought it was necessary to maintain the position he already held, this element would be established.

These examples are only meant by way of illustration. They are not exhaustive.

---

3 L. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 52-41 (2024).

**Conspiracy to Distribute Controlled Substance (21 U.S.C. § 846)**

Count Two of the superseding indictment charges that from in or about June 2017 to in or about May 2021 Hassan Elliott, Khalif Sears, Kelvin Jimenez and Dominique Parker agreed or conspired with one or more other person to distribute and possess with the intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, which was then converted into the form that is cocaine base ("crack"), a Schedule II controlled substance; and marijuana, a Schedule I controlled substance., in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and (b)(1)(D), all in violation of Title 21, United States Code, Section 846.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to distribute a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

First: That two or more persons agreed to distribute a controlled substance; and

Second: That the defendant was a party to or member of that agreement; and

Third: That the defendant joined the agreement or conspiracy knowing of its objective*s* to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that those objectives; that is, that one defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that those objectives.

Fourth, that the weight or quantity of cocaine which was within the scope of the

conspiracy and reasonably foreseeable to the defendant was 5 kilograms or more. In making this decision, you may attribute to a particular defendant who you have found to be a member of the conspiracy only the quantity distributed or possessed with intent to distribute which was within the scope of the conspiracy and reasonably foreseeable to that defendant.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.21.846B (2024).

**Special Interrogatories with Respect to Substance and Weight**

If you find the defendant guilty of the offense charged in Count One and/or Two, you must answer some questions, called jury interrogatories, to decide whether the offense involved certain weights or quantities of controlled substances. Do not answer these jury interrogatories until after you have reached your verdict. If you find that the government has not proved each defendant guilty of the offense charged in Count One or Two, then you do not need to answer the interrogatories.

If you find the defendant guilty, then in answering these interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the offense involved a certain weight or quantity of controlled substances, you must all be satisfied that the government proved the weight or quantity beyond a reasonable doubt. Weight or quantity means the total weight of any mixture or substance which contains a detectable amount of the controlled substance charged.

Jury Interrogatory Number One for each Count relates to Counts One and Two and first asks whether you unanimously find beyond a reasonable doubt that the weight or quantity of cocaine which was involved in the conspiracy was 5 kilograms or more. In making this decision, you should consider all controlled substances that the members of the conspiracy actually distributed.

If your answer to this question is "yes," that completes Jury Interrogatory Number One for each Count. If your answer is "no," you must then answer the second question, whether you unanimously find beyond a reasonable doubt, that the quantity of cocaine which was (~~possessed with intent to distribute~~) (~~distributed~~) (*involved in the conspiracy*) was 500 grams or more.

If you unanimously find that the government did not prove beyond a reasonable doubt that

the offense involved 500 grams or more, but rather involved an amount less than (500 grams), your answer should be "no" to both questions.  That completes Jury Interrogatory Number One for each of Counts One and Two.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.21.841C (2024).

**Possession with Intent to Distribute Controlled Substances**

Count 24 of the superseding indictment charges that on or about March 13, 2020, in the Eastern District of Pennsylvania, defendants Hassan Elliott and Khalif Sears, knowingly and intentionally possessed with intent to distribute, and aided and abetted the possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in the form that is cocaine base ("crack"), a Schedule II controlled substance, and a substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), (b)(1)(D), and Title 18, United States Code, Section 2.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First:  That the defendant possessed a mixture or substance containing a controlled substance;

Second:  That the defendant possessed the controlled substance knowingly or intentionally;

Third:  That the defendant intended to distribute the controlled substance; and

Fourth:  That the controlled substance was cocaine, or marijuana.

_____

Third Circuit Model Criminal Jury Instructions, 6.21.841A (2024).

**Controlled Substances—Possession Defined**

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that the defendant physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession - that is, that the defendant had the ability to take actual possession of the substance when the defendant wanted to do so - you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession.  However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

Mere proximity to the controlled substance, or mere presence on the property where it is located, or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.21.841-1 (2024).

**Controlled Substances—Distribute Defined**

To distribute, as used in the offenses charged, means deliver or transfer or to deliver or to transfer possession or control of a controlled substance from one person to another.

To distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.21.841-2 (2024).

**GOV'T'S REQUEST NO. 74**
**Controlled Substances—Controlled Substance Defined**

You are instructed that, as a matter of law, cocaine and marijuana are controlled substances, that is are prohibited drugs under federal drug abuse laws.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that the defendant possessed with the intent to distribute or distributed a mixture or substance containing cocaine and/or marijuana.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.21.841-3 (2024).

**Controlled Substances Offenses - Knowingly or Intentionally Defined**

To act knowingly, as used in the offenses charged, means that the defendant was conscious and aware that he was engaged in the acts charged and knew of the surrounding facts and circumstances that make out the offenses. Knowingly does not require that the defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offenses charged, means to act deliberately and not by accident. Intentionally does not require that the defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offenses charged, requires the government to prove beyond a reasonable doubt that the defendant knew that what he distributed or possessed with intent to distribute was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact cocaine, or marijuana. However, as long as you find that the government proved beyond a reasonable doubt that the defendant knew that what he distributed or possessed with intent to distribute was a controlled substance, you need not find that the defendant knew that the controlled substance was cocaine or marijuana.

In deciding whether the defendant acted "knowingly or intentionally," you may consider evidence about what the defendant said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.21.841-4 (2024) (unmodified).

**Controlled Substances - Intent to Distribute Defined**

In order to find the defendant guilty of possession of a controlled substance with intent to distribute, you must find that the government proved beyond a reasonable doubt that the defendant intended to distribute a mixture or substance containing a controlled substance, here, cocaine or marijuana. To find that the defendant had the intent to distribute, you must find that the defendant had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence presented, including the defendant's words and actions. In determining the defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

---

Third Circuit Model Criminal Jury Instructions, No. 6.21.841-5 (2024) (unmodified).

**Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime or Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1))**

Count 6 of the superseding indictment charges defendants Hassan Elliott and Kelvin Jimenez with carrying, using, discharging and brandishing a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 6 is murder in aid of racketeering as charged in Count 3 and assault with a dangerous weapon in aid of racketeering as charged in Counts 4 and 5.

Count 9 of the superseding indictment charges defendant Hassan Elliott with carrying, using, discharging and brandishing a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 9 is assault with a dangerous weapon in aid of racketeering as charged in Counts 7 and 8.

Count 11 of the superseding indictment charges defendant Hassan Elliott with carrying, using, discharging and brandishing a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 11 is murder in aid of racketeering as charged in Count 10.

Count 13 of the superseding indictment charges defendants Hassan Elliott, Kelvin Jimenez, and Dominque Parker with carrying, using, discharging and brandishing a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 13 is assault with a dangerous weapon in aid of racketeering as charged in Count 12.

Count 16 of the superseding indictment charges defendants Hassan Elliott and Dominique Parker with carrying, using, discharging and brandishing a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in

Count 16 is murder in aid of racketeering as charged in Count 14 and assault with a dangerous weapon in aid of racketeering as charged in Count 15.

Count 18 of the superseding indictment charges defendants Hassan Elliott, Khalif Sears, and Kelvin Jimenez with carrying, using, discharging and brandishing during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 18 is assault with a dangerous weapon in aid of racketeering as charged in Count 17.

Count 21 of the superseding indictment charges defendant Hassan Elliott with carrying, using, discharging and brandishing a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 21 is assault with a dangerous weapon in aid of racketeering as charged in Count 20.

Count 23 of the superseding indictment charges defendants Hassan Elliott, Khalif Sears, and Kelvin Jimenez with carrying, using, discharging and brandishing a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 23 is assault with a dangerous weapon in aid of racketeering as charged in Count 22.

Count 25 of the superseding indictment charges defendants Hassan Elliott and Khalif Sears with possession of a firearm in furtherance of a drug trafficking crime, which is a violation of federal law. The underlying drug trafficking crime referred to in Count 25 is possession with the intent to distribute charged in Count 24.

Count 27 of the superseding indictment charges defendant Hassan Elliott and Khalif Sears with carrying, using, discharging and brandishing a firearm in furtherance of a drug trafficking crime, which is a violation of federal law. The underlying drug trafficking crime referred to in Count 27 is conspiracy to distribute controlled substances as charged in Count 2.

In order to find the defendant guilty of this offense, you must find that the government

proved each of the following two elements beyond a reasonable doubt:

First: That the defendant committed the crime of crimes of violence or the drug trafficking crimes as charged in the Counts that I just described as being the underlying crimes in the superseding indictment, and

Second: That during and in relation to the commission of that crime, the defendant knowingly used or carried (for Counts 6, 9, 11, 13, 16, 18, 21, 23, and 27) or possessed (for Count 25), a firearm. The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime of violence. "Use" means more than mere possession of a firearm by a person who commits a crime; to establish use, the government must show active employment of the firearm. If the defendant did not either disclose or mention the firearm or actively employ it, the defendant did not use the firearm. "Carry" means that the defendant had the firearm on his person or possessed the firearm. The term "possess" means to have something within a person's control.

Third: That the defendant used or carried the firearm during and in relation to the crime of crime of violence or possessed the firearm during and in relation to the drug trafficking crime. During and in relation to means that the firearm must have had some purpose or effect with respect to crime of violence or the drug trafficking crime. The firearm must have at least facilitated or had the potential of facilitating crime of violence or the drug trafficking crime.

In determining whether the defendant used or carried a firearm in relation to the crime of violence or possessed the firearm during or in relation to the drug trafficking crime, you may consider all of the factors received in evidence in the case including the nature of the underlying crime, crime of violence or the drug trafficking crime, how close the defendant was to the firearm in question, the usefulness of the firearm to crime of violence or the drug trafficking crime, and

the circumstances surrounding the presence of the firearm.

The government is not required to show that the defendant actually displayed or fired the weapon. However, the government must prove beyond a reasonable doubt that the firearm was in the defendant's possession or under his control at the time that the crime of violence or the drug trafficking crime was committed and that the firearm facilitated or had the potential of facilitating the crime of violence or the drug trafficking crime.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.924B (2024).

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of a crime of violence.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a crime of violence. The firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help you determine whether possession of a firearm furthers a crime of violence include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. whether the defendant possesses the firearm legally or illegally;

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

---

Third Circuit Model Criminal Jury Instructions, No. 6.18.924A-1 (2024).

## GOV'T'S REQUEST NO. 79
## "Knowing Possession" Defined

To "possess" means to have something within a person's control. The government does not have to prove that the defendant physically held the firearm, that is, had actual possession of it. As long as the firearm was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession - that is, that the defendant had the ability to take actual possession of the object when the defendant wanted to do so - you may find that the government has proven possession. Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint. If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession. If you find that (name) had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.

Proof of ownership of the firearm is not required.

The government must prove that the defendant knowingly possessed the firearm described in the indictment. This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that the defendant knew the object was a firearm.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-4 (2024).

**"Firearm" Defined**

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922A-2 (2024).

**Causing Death Through Use or Possession of a Firearm—Elements of the Offense**

Count 6 of the superseding indictment charges defendants Hassan Elliott and Kelvin Jimenez with causing, and aiding and abetting, the shooting death of Kaseem Rodgers through the use of a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 6, is murder in aid of racketeering as charged in Count 3, and assault with a dangerous weapon in aid of racketeering as charged in Counts 4 and 5.

Count 11 of the superseding indictment charges defendant Hassan Elliott with causing, and aiding and abetting, the shooting death of Tyrone Tyree through the use of a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 11, is murder in aid of racketeering as charged in Count 10.

Count 16 of the superseding indictment charges defendants Hassan Elliott and Dominique Parker with causing, and aiding and abetting, the shooting death of Dontae Walker through the use of a firearm during and in relation to a crime of violence, which is a violation of federal law. The underlying violent crime referred to in Count 16, is murder in aid of racketeering as charged in Count 14, and assault with a dangerous weapon in aid of racketeering as charged in Count 15.

Count 27 of the superseding indictment charges defendants Hassan Elliott and Khalif Sears with causing, and aiding and abetting, the shooting death of James O'Connor through the use of a firearm during and in relation to a drug trafficking offense, which is a violation of federal law. The underlying drug trafficking offense referred to in Count 27, is conspiracy to distribute controlled substances as charged in Count 2.

Title 18, United States Code, Section 924(j) makes it a separate crime to cause the death

of another person through the use of a firearm during and in relation to a crime of violence or a drug trafficking crime. For you to find the defendant guilty, the government must prove each of the following elements beyond a reasonable doubt:

First: That the defendant used or carried a firearm;

Second: That the defendant did so during and in relation to a crime of violence or a drug trafficking crime which may be prosecuted in federal court, as I have just identified; and

Third: That the defendant caused the death of a person through the use of the firearm.

---

Pattern Jury Instructions from the District of South Carolina, page 194 (2024) (modified as noted).

**Causing Death Through Use or Possession of a Firearm—Murder Defined**

"Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing… is murder in the first degree. Any other murder is murder in the second degree."[8]

The term "malice aforethought" means either to kill another person deliberately and intentionally or to act with callous and wanton disregard for human life.[9]

The word "premeditation" means with planning or deliberation. The passage of time is a factor which you may consider in attempting to determine if a defendant acted with "premeditation." The amount of time needed for premeditation of a killing can depend on the person and the circumstances. The time must be long enough after forming the intent to kill, however, for the killer to have been fully conscious of the intent and to have considered the killing.

---

[8] 18 U.S.C. § 1111(a).

[9] O'Malley, Grenig, and Lee, 2A Federal Jury Practice & Instructions. § 45:16 (6th ed.) (2021 update).

**Aiding and Abetting 924(c) Violation by Participant in Underlying Predicate Offense**

A person may be guilty of *(possession of a firearm in furtherance of a crime of violence/drug trafficking crime)* <u>or</u> *(using and carrying a firearm during and in relation to a crime of violence/drug trafficking crime)* even if *(he)* did not personally *(possess) (use and carry)* a firearm, if *(he)* actively participated in the underlying *(crime of violence/drug trafficking crime)* and did so with advance knowledge that another person would commit the firearm offense *(in furtherance of)* <u>or</u> *(during and in relation to)* the same underlying crime. The law refers to this theory of guilt as aiding and abetting. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that *(the defendant)* aided and abetted *(a principal)* in committing the offense of *(possession of a firearm in furtherance of a crime of violence/drug trafficking crime) or (using and carrying a firearm during and in relation to a crime of violence/drug trafficking crime)* as charged in the indictment. In order to find *(the defendant)* guilty of this offense because *(he)* aided and abetted *(the principal)* in committing this offense, you must find that the government proved beyond a reasonable doubt each of the following three (3) requirements:

First:   That *(the defendant)* was an active participant in the ~~offense of~~ *(crime of violence or drug trafficking crime)* as charged in the indictment. To prove that *(the defendant)* was an active participant in the offense, the government must prove that *(the defendant)* knowingly did some act for the purpose of *(aiding)(assisting)(soliciting)(facilitating)(encouraging) (the principal)* in committing the offense of *(possession of a firearm in furtherance of a crime of violence or drug trafficking crime)* <u>or the</u> *(using and carrying a firearm during and in relation to*

*a crime of violence or drug trafficking crime).*

Second: That *(the principal)* committed the offense of *(possession of a firearm in furtherance of a crime of violence/drug trafficking crime) or (using and carrying a firearm during and in relation to a crime of violence/drug trafficking crime)* by committing each of the elements of that offense, as I have explained those elements to you in these instructions. *((The principal) need not have been charged with or found guilty of the offense, however, as long as you find that the government proved beyond a reasonable doubt that (he) committed the offense.)*

Third: That *(the defendant)* knew in advance of the *(crime of violence/drug trafficking crime)* that the principal would *(possess) (use and carry)* a firearm during and in relation to the *(offense)*. To find that *(the defendant)* had advance knowledge, you must find that the government proved that *(the defendant)* knew of the firearm at a time when *(the defendant)* was reasonably able to decide not to continue to participate in the *(offense)*, and that *(the defendant)* decided thereafter to continue to participate in the *(offense)*.

*(If a defendant continues to participate in a crime after a gun was displayed or used by a confederate, you may permissibly infer from the defendant's failure to object or withdraw from the crime at that time that (he) had advance knowledge of the confederate's plan. You are not required to draw this inference, however; it is entirely up to you to determine the facts.)*

If you find that the government has proved each of these elements beyond a reasonable doubt, you may conclude that *(the defendant)* aided and abetted the *(possession of a firearm in furtherance of) or (use and carrying of a firearm during and in relation to)* the offense of *(the crime of violence/drug trafficking crime)* and is therefore guilty of the crime of *(possession of a firearm in furtherance of a crime of violence/drug trafficking crime) or (using and carrying a firearm during and in relation to a crime of violence/drug trafficking crime)*.

The government need not prove that the defendant desired that *(the principal) (possess)*

*(use or carry)* a gun, or that the defendant *(himself)* took any additional action to facilitate or promote the *(possession) or (use and carrying)* of the gun. What it must prove beyond a reasonable doubt is that *(the defendant)* knew in advance that *(the principal)* would *(possess) (use or carry)* a gun, and *(the defendant)* chose thereafter to continue to participate in the *(predicate offense)*. If *(he)(she)* did so, then *(the defendant)* is guilty of aiding and abetting the firearm offense.

_____

Third Circuit Model Criminal Jury Instruction, No. 6.18.924C (2024).

**Maintaining a Drug Involved Premises – Elements (21 U.S.C. § 856(a)(1))**

In order to prove the defendant guilty of maintaining a drug involved premises, the government must prove each of the following elements beyond a reasonable doubt:

First: That the defendant permanently or temporarily maintained the place described in the Indictment;

Second: That the defendant maintained that place for the purpose of manufacturing, distributing or using any controlled substance; and

Third: That the defendant acted knowingly.

_____

3 Modern Federal Jury Instructions-Criminal P 56.06.

**Maintaining a Drug Involved Premises – Maintaining a Place (21 U.S.C. § 856(a)(1))**

The first element that the government must prove beyond a reasonable doubt is that the defendant permanently or temporarily maintained (*or* opened *or* leased *or* used) [the place described in the Indictment].

To "maintain" a place means to exercise significant supervisory control over the activities that occur and the people who are in that place over a period of time. (For example, a person who owns and resides in a house or apartment exercises such control, while a casual visitor does not.) In determining whether the defendant maintained [the specified place], you should consider all of the relevant evidence, taking into account such factors as how much control defendant exercised over [the place], the duration of that control, and whether the defendant was responsible for furnishing, repairing, protecting and providing food and other supplies to those at the place.

---

3 Modern Federal Jury Instructions-Criminal P 56.06.

**Maintaining a Drug Involved Premises – Purpose (21 U.S.C. § 856(a)(1))**

The second element that the government must prove beyond a reasonable doubt is that the defendant maintained (*or* opened *or* leased *or* used) [the specified place] for the purpose of manufacturing, distributing or using any controlled substance.

To establish this element, the government must prove that the drug activity was a significant or important reason why defendant maintained the place. The government is not required to prove that the drug activity was the defendant's only purpose in maintaining the place, although that would obviously satisfy this element.

———————————————

3 Modern Federal Jury Instructions-Criminal P 56.06.

**Maintaining a Drug Involved Premises – Knowledge (21 U.S.C. § 856(a)(1))**

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly.

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

The question of whether a person acted with knowledge is a question of fact for you to determine, like any other fact question. Direct proof of knowledge is not always available, and such proof is not required. The ultimate fact of whether someone knew something at a particular time, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

_____

3 Modern Federal Jury Instructions-Criminal P 56.06.

**Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))**

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that the defendant aided and abetted a principle in committing each of the offenses charged in the superseding indictment. In order to find a defendant guilty of an offense because he aided and abetted the principle in committing the offense, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First: That principal committed the offense(s) charged by committing each of the elements of the offense(s) charged, as I have explained those elements to you in these instructions. The principal need not have been charged with or found guilty of the offense(s), however, as long as you find that the government proved beyond a reasonable doubt that he committed the offense.

Second: That the defendant knew that the offense(s) charged were going to be committed or were being committed by the principal and

Third: That the defendant knowingly did some act for the purpose of aiding, assisting, facilitating, encouraging, the principal in committing the specific offense(s) charged and with the intent that the principal commit that those specific offense(s), and

Fourth: That the defendant performed an act(s) in furtherance of the offense(s) charged.

In deciding whether the defendant had the required knowledge and intent to satisfy

the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense(s) is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate or otherwise associate himself with the offense, you may not find the defendant guilty of the offense(s) as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by the principal as something the defendant wished to bring about and to make succeed.

To show that the defendant performed an act(s) in furtherance of the offense(s) charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by the defendant which at least encouraged the principal to commit the offense. That is, you must find that (name of defendant)'s act(s) did, in some way, aid, assist, facilitate, encourage, the principal to commit the offense(s). The defendant's act(s) need not further aid, assist, facilitate, encourage, every part or phase or element of the offense(s) charged; it is enough if the defendant's act(s) further aid, assist, facilitate, encourage, only one or some part(s) or phase(s) elements of the offense(s). Also, the defendant's acts need not themselves be against the law.

_____

Third Circuit Model Criminal Jury Instructions, No. 7.02 (2024).

**Conspiracy- Responsibility For Substantive Offenses Committed By Co-Conspirators**
**(*Pinkerton* Liability)**

The government may prove a defendant guilty of offense(s) by proving that a defendant personally committed the offense. The government may also prove a defendant guilty of the offense based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to the defendant as a necessary or natural consequence of the agreement.  In other words, under certain circumstances the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find the defendant guilty of an offense based on this legal rule, you must find that the government proved beyond a reasonable doubt each of the following four (4) requirements:

First: That the defendant was a member of the conspiracy charged in the indictment;

Second: That while the defendant was still a member of the conspiracy, one or more of the other members of the conspiracy committed the offense, by committing each of the elements of the offense(s), as will explain those elements to you in these instructions. [However, the other member(s) of the conspiracy need not have been found guilty of (or even charged with) the offense(s), as long as you find that the government proved beyond a reasonable doubt that the other member(s) committed the offense(s).]

Third: That the other member(s) of the conspiracy committed the offense(s) within the scope of the unlawful agreement and to help further or achieve the objective(s) of the conspiracy; and

Fourth: That the offense(s) were reasonably foreseeable to or reasonably anticipated by the defendant as a necessary or natural consequence(s) of the unlawful agreement.

The government does not have to prove that the defendant specifically agreed or knew that the offense(s) would be committed. However, the government must prove that the offense(s) were reasonably foreseeable to the defendant, as a member of the conspiracy, and within the scope of the agreement as the defendant understood it.

[As I have instructed you, in order to prove that (name) was a member of the conspiracy charged in the indictment, the government must prove that (name) knew of the objective(s) of the conspiracy to commit an offense(s) against the United States, namely the offense(s) of (state the offense(s) alleged as the object(s) of the conspiracy), and intended to join together with at least one other alleged conspirator to achieve (that) (these) objective(s). However, for you to find name guilty of (state offense(s)) charged in Count(s) (no.) based on the rule that each member of a conspiracy is responsible for crimes committed by the other members, the government does not have to prove that (name) specifically agreed or knew that (this) (these) offense(s) would be committed, as long as the government proves that the offense(s) (was) (were) reasonably foreseeable to (name), as a member of the conspiracy, and within the scope of the agreement as (name) understood it.]

_____

Third Circuit Model Criminal Jury Instructions, No. 7.03 (2024).

**Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find a defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved a defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's

views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]*

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

*[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.16 (2024).

**GOV'T'S REQUEST NO. 91**
**GOV'T'S REQUEST NO. 91**
**Verdict Form**

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved the defendants guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the defendants guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

_____

Third Circuit Model Criminal Jury Instructions, No. 3.17 (2024).

*The following instructions are to be given after the jury completes initial deliberations:*

**GOV'T'S REQUEST NO. 1**
**Felon In Possession of Firearm (18 U.S.C. § 922(g)) (bifurcation as to prior conviction)**

Now that you have completed your initial deliberations, there are additional matters for you to consider: Counts 28 and 31 of the superseding indictment. Counts 28 and 31 of the superseding indictment charge defendants Hassan Elliott and Dominique Parker with being a felon in possession of a firearm, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That the defendant was previously convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

Second: That after this conviction, the defendant knowingly possessed the firearm or firearms as charged in the superseding indictment; and

Third: That at the time the defendant possessed the firearm or firearms, the defendant knew of the previous conviction and knew that it was for a crime punishable by imprisonment for a term exceeding one year; and

Fourth: That the defendant's possession was in or affecting interstate or foreign commerce.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-1 (2024).

**<u>GOV'T'S REQUEST NO. 2</u>**
**Felon In Possession of Firearm (18 U.S.C. § 922(g))—Proof of Prior Conviction**

In order to find the defendant guilty of this offense, you must find that the government proved beyond a reasonable doubt that, before the date defendants Hassan Elliott and Dominique Parker are charged with possessing a firearm or firearms, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, and that at the time that the defendant possessed the firearm or firearms, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The government contends that defendant, Hassan Elliott was convicted of possessing a firearm without a license in state court. I charge you that as a matter of law, possessing a firearm without a license is a crime punishable by imprisonment for a term exceeding one year. However, you must determine beyond a reasonable doubt if the defendant was convicted of this crime.

The government contends that defendant, Dominique Parker was convicted of possession with intent to distribute a controlled substance in state court. I charge you that as a matter of law, possession with intent to distribute a controlled substance is a crime punishable by imprisonment for a term exceeding one year. However, you must determine beyond a reasonable doubt if the defendant was convicted of this crime.

To satisfy these two elements, you must find beyond a reasonable doubt that the defendant was, in fact, convicted of that crime and that the conviction was prior to the possession of the weapon as charged in the superseding indictment. It is not necessary that the government prove that the defendant was sentenced to imprisonment for more than one year. A plea of guilty has the same consequences as a conviction after trial.

[If the parties stipulate, substitute:

The parties have stipulated that the defendant was convicted of a crime in state court and

that this crime was punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the firearm charged in the indictment and that the defendant knew when je is alleged to have possessed this firearm or firearms that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.]

————————————

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-2 (2024).

**Felon In Possession of Firearm (18 U.S.C. § 922(g))—Evidence of Prior Conviction**

You heard evidence (through a stipulation) that the defendant was convicted before this superseding incident in the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year. This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment. You are not to speculate as to the nature of the conviction. You may not consider the prior conviction in deciding whether the defendant was in knowing possession of the firearm that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean he committed this crime on March 13, 2020, as it relates to defendant Elliott, and May 22, 2021, as it relates to defendant Parker, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the elements of this crime which I have mentioned. You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-3 (2024).

138

**GOV'T'S REQUEST NO. 4**
**Felon In Possession of Firearm (18 U.S.C. § 922(g))—Interstate or Foreign Commerce**

The government must prove beyond a reasonable doubt is that the firearm specified in the superseding indictment was in or affecting interstate (foreign) commerce. This means that the government must prove that at some time before the defendant's possession, the firearm had traveled in interstate commerce.

It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the firearm crossed a state line or the United States border. The government does not need to prove that the defendant himself carried it across a state line or the border or to prove who carried it across or how it was transported. It is also not necessary for the government to prove that (name) knew that the firearm had traveled in interstate commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different state or country than the state of Pennsylvania, where the defendant is charged with possessing it, there were no firearm manufacturers in the state where the defendant allegedly possessed a firearm. You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

_____

Third Circuit Model Criminal Jury Instructions, No. 6.18.922G-4 (2024).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record electronically and via ECF.

/s/ *Ashley N. Martin*
ASHLEY N. MARTIN
LAUREN E. STRAM
CHRISTOPHER DIVINY
Assistant United States Attorneys

Date: December 13, 2024