UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA


United States of America,   . Case No. 20-CR-417-1,3,5,6
                            .
        Plaintiff,          .
                            . Easton Courtroom
            vs.             . Easton, Pennsylvania
                            .
Hassan Elliott, et al.,     .
                            .
        Defendants.         . September 29, 2023
                            . 10:06 a.m.
. . . . . . . . . . . . . . . . . . . . . . . . . . . .

            TRANSCRIPT OF TELEPHONE CONFERENCE
          BEFORE THE HONORABLE EDWARD G. SMITH
            UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:

For the Plaintiff:      Christopher Diviny, Esq.
                        USAO EDPA
                        615 Chestnut Street, Suite 1250
                        Philadelphia, PA  19106
                        (215) 861-8205
                        Christopher.diviny@usdoj.gov

                        Lauren E. Stram, Esq.
                        U.S. Attorney's Office
                        615 Chestnut Street, Suite 1250
                        Philadelphia, PA  19106
                        (215) 861-8618
                        Lauren.stram@usdoj.gov


For the Defendant       Kenneth J. Montgomery, Esq.
Hassan Elliott:         Law Office of Kenneth J. Montgomery,
                        PLLC
                        198 Rogers Avenue
                        Brooklyn, NY  11225
                        (718) 403-9261
                        ken@kjmontgomerylaw.com

                          Patrick J. Egan, Esq.
                          Fox Rothschild LLP
                          2000 Market Street, 10th Floor
                          Philadelphia, PA  19107
                          (215) 299-2000
                          pegan@foxrothschild.com

For the Defendant        Marni Jo Snyder, Esq.
Khalif Sears:            Law Offices of MJ Snyder, LLC
                          1500 Walnut Street, 7th Floor
                          Philadelphia, PA  19102
                          (215) 515-3360
                          marni@snyderlawyer.com

For the Defendant        Thomas O. Fitzpatrick, Esq.
Kelvin Jiminez:          Mincey Fitzpatrick Ross, LLC
                          1650 Market Street, Suite 3600
                          Philadelphia, PA  19103
                          215-587-0006
                          tom@minceyfitzross.com

For the Defendant        Michael Patrick Parkinson, Esq.
Dominique Parker:        Parkinson Tarpey & Lloyd
                          The Philadelphia Building
                          1315 Walnut Street, Suite 1605
                          Philadelphia, PA  19107
                          215-851-8800
                          mp@ptlfirm.com



Audio Operator:          Jennifer Fitzko

Transcribed by:          Diversified Reporting Services, Inc.

         Proceedings recorded by electronic sound recording;
             transcript produced by transcription service.

1          THE COURT:  Good morning, counsel.  This is Ed

2  Smith.  How are you doing?

3          MALE PARTICIPANT:  Good morning, Your Honor.

4          MALE PARTICIPANT:  Good morning, Your Honor.

5          FEMALE PARTICIPANT:  Good morning, Your Honor.

6          MALE PARTICIPANT:  Good morning, Your Honor.

7          THE COURT:  And keep in mind it's Friday morning,

8  last working day in September.  Fall is right around the

9  corner here.  A little rainy, though.

10          The Court is called to order in the matter of The

11  United States of America v. Elliott, et al.  This is

12  Criminal Action Number 20-417.  Presently current on this

13  call on behalf of the United States or assisting the United

14  States Attorney, Lauren Stram and Christopher Diviny.  And

15  good morning to both of you.

16          On behalf of Mr. Hassan Elliott is Attorney

17  Patrick Egan.  Good morning to you, sir.

18          MR. EGAN:  Good morning, Your Honor.

19          THE COURT:  Good morning.  And for Khalif Sears,

20  Attorney Marni Snyder.  And good morning to you.

21          MS. SNYDER:  Good morning.

22          THE COURT:  And Mr. Fitzpatrick, we want to

23  welcome you, Thomas Fitzpatrick is here on behalf of, I

24  think it's pronounced Mr. Jiminez, if that's correct.

25  Welcome to the case.

1          MR. FITZPATRICK:  Good morning, Your Honor.  Thank
2    you.  I'm here on behalf of Kelvin Jiminez.

3          THE COURT:  Yes, sir.  And Michael Parkinson, good
4    morning to you, sir.  And you're here on behalf of Parker;
5    is that correct?

6          MR. PARKINSON:  That is correct, Your Honor.  Good
7    morning again.

8          THE COURT:  Good morning.  The purpose of this
9    call was to first ascertain whether the Department of
10   Justice has determined whether it will be seeking the death
11   penalty in this case.  There appear to be four potential
12   capital cases against the lead defendant, Hassan Elliott,
13   and there are four Notices of Special Findings.

14         Assistant United States Attorneys Stram and Diviny
15   have we heard from the Department of Justice yet as to what
16   their intentions?

17         MR. DIVINY:  We have not, Your Honor.  We
18   understand that the process is moving forward, but we have
19   not had a decision yet, keeping in mind (audio disruption).

20         THE COURT:  And have they given you any indication
21   of when we might have such a decision?

22         MR. DIVINY:  The best indication that we have
23   (audio disruption) and again this is just an estimate and
24   it's, you know, not by any means (audio disruption), about a
25   month-and-a-half to two months.

1          THE COURT:  A month-and-a-half to two months,

2   okay.  Now the problem that creates of course is it's very

3   difficult to establish a scheduling order until we know

4   whether this is going to be a capital case or not.  Even

5   though I think the betting odds would be given the current

6   administration that this will not be a death penalty case,

7   but we do have a little bit of a scheduling issue in that I

8   believe Judge Robreno set a placeholder date, a trial date

9   of October 11th of this year.  Obviously I do not believe

10  counsel will be prepared to proceed to trial on October

11  11th.

12          From the Government's standpoint how does the

13  Government want to handle that trial date?

14          MR. DIVINY:  Your Honor, my understanding of that

15  trial date, it was just that, it was a placeholder date and

16  was to be handled essentially as a status date and, you

17  know, I think it would be of value to have the view of

18  defense counsel on that as well, but that is my

19  recollection.

20          It was at that point that the Judge was looking to

21  see whether there had been a determination (audio

22  disruption) the case and would thereafter send a schedule

23  out (audio disruption), you know, scheduling orders.

24          Does everyone concur in that understanding?

25          MALE PARTICIPANT:  Yes.

1    MR. EGAN:  Certainly on behalf of Mr. Elliott that
2  was my understanding.
3          Your Honor, if I may I just would inquire of Mr.
4  Diviny the month-and-a-half to two months date that
5  mentioned is that a recent, something that was recently said
6  by the Department or is he taking that as an estimate from
7  when we had our meeting?  Because that might impact what we
8  do next.
9          MR. DIVINY:  I think it was a more recent thing,
10  Mr. Egan, just, you know, by virtue of knowing memos were
11  being drafted and that sort of thing.
12          MR. EGAN:  Okay, great.  Thank you.
13          MR. MONTGOMERY:  Your Honor, this is also Ken
14  Montgomery for Mr. Elliott.
15          Just, you know, in my experience in the last few
16  scenarios where I've had where death, death was on the
17  table, it's been 90 days that the Department of Justice has
18  gotten back to us, within that timeframe from the -- from
19  the initial meeting just in the past.  I don't know if that
20  timeframe still works.
21          THE COURT:  Okay.  When was -- when was that
22  initial meeting?
23          MR. MONTGOMERY:  August 14th.
24          THE COURT:  August 14th.  Well, that would put --
25  put us at about November 14th, and that would be, you know,

1    a month from -- we're now at September 29th, so that would

2    put us about a month-and-a-half down the road.  That would

3    make sense.

4              And is the defense already submitted everything it

5    has to submit to the Department of Justice in mitigation

6    with respect to the designation?

7              MR. MONTGOMERY:  Yes, Your Honor.

8              THE COURT:  Okay.  All right.  Well, then it

9    sounds like what we should do is we should set a new trial

10   date as just that, a placeholder.  That is really a status

11   conference date.  I don't do that as a matter of course.  I

12   normally would just schedule a status conference, but I have

13   to move this trial date one way or the other.

14             I have no problem -- well, I do have a problem

15   because why -- why set something as a trial date when it

16   clearly is not a trial date.  Is there any benefit to that,

17   Mr. Diviny from the Government's standpoint?  Is there any

18   benefit to me simply --

19             MR. DIVINY:  No, Your Honor.

20             THE COURT:  Go ahead.

21             MR. DIVINY:  That was just a -- that was just

22   Judge Robreno's choice.  I don't think anyone suggested that

23   to him.  It's just the way that he decided to do it.

24             THE COURT:  Okay.

25             MR. DIVINY:  But we all knew that it was a status

1 date. So I don't -- I don't see any impediment to Your

2 Honor scheduling it as what it is, which is a status date.

3 And he knows -- I think the (audio disruption) defense would

4 agree.

5 THE COURT: It has -- it has nothing to do with

6 the speedy trail clock, et cetera. This is a complex case.

7 From the Government's standpoint there are no issues with

8 respect to the clock running; is that correct?

9 MR. DIVINY: Correct.

10 THE COURT: Okay. Well, then what I would like to

11 do is, if it's agreeable with both the United States and

12 each one of the defense counsel, is look towards the middle

13 of November if we're hearing that -- that would be about 90

14 days from the meeting, and schedule a status conference at

15 that time, the hope being that we will have an answer from

16 the Department of Justice. We can then put into place a

17 schedule, a trial schedule that would include the filing of

18 pre-trial motions, responses to those pre-trial motions.

19 Then once those issues are resolved, moving up to

20 trial and to jury selection, it's so -- at this point what

21 I'd like to do is simply schedule, and I'm looking at a

22 calendar here for November, schedule a status conference for

23 Friday, November 17th, at 10:00 a.m. Does that work for

24 everyone? Does it work for --

25 MR. MONTGOMERY: Yes, Your Honor.

1           THE COURT:  Everybody can make 10:00 a.m. on the

2    17th?  Is there anyone that cannot make the 17th at 10:00

3    a.m.?

4           MS. SNYDER:  That's okay for Marni Snyder on

5    behalf of behalf of Khalif Sears.

6           THE COURT:  Okay, thank you.

7           MR. MONTGOMERY:  It's fine for myself on behalf of

8    Mr. Elliott.

9           THE COURT:  Okay.  Mr. Parkinson, what do you

10   think?

11          MR. PARKINSON:  I'm just checking, pulling up the

12   calendar.

13          THE COURT:  Oh, take your time.

14          Mr. Fitzpatrick, do you have a schedule handy?

15          MR. FITZPATRICK:  I think it's a fine date for me,

16   Your Honor.

17          THE COURT:  Okay.

18          MR. PARKINSON:  Judge, that's good.  Mr. Parkison

19   here again.  That's a good date for me.

20          THE COURT:  Okay.  And the Government, Mr. --

21   Assistant United States Attorney Diviny and Assistant United

22   States Attorney Stram?

23          MS. STRAM:  Your Honor, that's a good date for the

24   Government.

25          THE COURT:  Very well.  We'll schedule a status

conference for November 17th at 10:00 a.m.  Hopefully by
then we will have a decision by the Department of Justice,
I'm speculating with no basis other than history, that we
will not have a capital case here and we can move this case
forward, ensure all discovery has been exchanged.  And I --
the discovery is ongoing; is that correct?

MR. DIVINY:  That's correct, Your Honor.  And I
will point out that with the recent appointment of Mr.
Fitzpatrick I did have correspondence with Ms. Cacciamani
who was relieved of her appointment for Mr. Jiminez, and she
is going to send the hard drives of discovery that she has
directly to Mr. Fitzpatrick and confirm that with the
Government.

THE COURT:  Okay, great.  And Mr. Fitzpatrick, if
you have any trouble getting the discovery so that you can
get up to speed in this case please reach out to the
Assistant United States Attorneys.  But if there is a
problem don't hesitate to request a conference call, and
we're get on the call earlier than -- we'll get on the phone
earlier than November 17th.

MR. FITZPATRICK:  Okay.  Thank you, Your Honor.

THE COURT:  All right.  Hopefully -- certainly,
sir.

Hopefully we'll know a lot more in another month-
and-a-half or so.  All right.  Is there anything else we can

 1  address on this phone call?  Anything else from the

 2  Government?

 3          MS. STRAM:  No, Your Honor.  Thank you very much.

 4          THE COURT:  Certainly.

 5          How about from any of the defense counsel?

 6          MR. MONTGOMERY:  Not for Mr. Elliott, Your Honor.

 7          MS. SNYDER:  No, not for Mr. Sears.

 8          MR. EGAN:  No, Your Honor.

 9          THE COURT:  Okay, great.  All of you have a

10  fantastic weekend.  Monday begins October.  But have a great

11  rest of the day.  Thank you.

12          MS. SNYDER:  You too.  Thank you, Your Honor.

13          MR. MONTGOMERY:  Thank you, Your Honor.

14      (Whereupon, the hearing was adjourned at 10:16 a.m.)

15              *   *   *   *   *

16              CERTIFICATE OF TRANSCRIBER

17  I, Cheryl Shifflett, certify that the foregoing is a true

18  and accurate transcript from the official electronic sound

19  recording of the proceedings in the above-entitled matter.

20

21                              June 18, 2025

22

23

